June Term, 1860.

MOYER
v.
COOK.

Judgment affirmed.

## MOYER vs. COOK.

| 12 | 335 |
|-----|------|
| 115 | 1478 |

The words "personal service," in section 27, chapter 132, R. S., 1858, mean service by delivery of a copy of the summons and complaint, or of the summons only (as the case may be), to the defendant *personally*. In case of service by copy left at the defendant's place of abode, the plaintiff should apply to the *court* for judgment.

Where a judgment has been entered by the clerk under that section, and a motion made to set aside the judgment, on the ground that there had not been a personal service of the summons, leave should be granted for the sheriff to amend his return, if an amendment thereof, according to the facts, would show such personal service.

APPEAL from the Circuit Court for *Pierce* County.

Action on a promissory note, brought by *Moyer*, the payee, against *Cook*, the maker. The sheriff's return showed a service of the summons and complaint upon the defendant, by leaving true copies thereof at his last and usual place of residence in Pierce county, "with his brother, Gamalien Cook, a person of suitable age and discretion, and informing him of the contents thereof, on the 4th day of September, 1858." On the 27th day of the same month, the clerk of the court, upon application of the plaintiff's attorney, and his affidavit of no answer or demurrer, entered judgment against the defendant for the amount claimed to be due on the note, with costs, &c. In January, 1859, *Cook* moved to set aside the judgment on the ground that there had been no legal service of the summons, and that the *clerk* had no authority to enter judgment without proof of *personal* service. The motion was founded upon an affidavit by the defendant, that he had resided since August 2, 1858, in Rock county, and

June Term, 1860.

MOYER
v.
COOK.

that no service of the summons had been made on him as required by law, &c. The plaintiff's counsel asked leave to have the sheriff amend his return according to the facts, by inserting the words, "defendant not found," and after the word "county," the words "in this state," and after the word "Cook," the words "a member of the family;" but the court refused to grant such leave, the plaintiff excepting, and ordered that the judgment be set aside with costs; from which order the plaintiff appealed.

*P. V. Wise*, for appellant:

1. The summons and complaint were served according to law. Code, p. 14, § 38, and subdivision 4 of § 39; 15 John., 196. 2. The defendant did not show that manifest injustice had been done him; he did not even make an affidavit of merits or ask for leave to answer. How. Code, 560; 18 Barb., 387–392; 2 E. D. Smith, 125. The affidavit should have shown a defense. 6 Hill, 628.

*J. S. White*, for respondent:

Section 27, chap. 132, R. S., is the only statutory provision authorizing the clerk to enter judgment on failure to answer, and that expressly requires proof of personal service. The power there conferred on the clerk was unknown to the practice at common law, and the grant must be strictly construed.

July 30.

*By the Court*, PAINE, J. If the amendment of the sheriff's return according to the facts, would have shown a good service, so as to authorize the entry of the judgment by the clerk, it should have been allowed. But we do not think the amendment proposed would show such service. Section 27, chap. 132, R. S. 1858, authorized an entry of judgment by the clerk only on filing proof of "*personal* service." Sec. 9, chap. 124, provides that the summons shall be served by delivering a copy "to the defendant personally," or if not found, by leaving it at his usual place of abode, &c. We think the personal service required by sec. 27, chap. 132, is only that where the copy is delivered to the defendant personally, as required by sec. 9, chap. 124, and not that where it is left at his place of abode. This is the strict meaning of personal

service. It is the actual delivery of the process to the defendant in person, as distinguished from other modes of service which the law allows.

It was argued with some force by the appellant's counsel, that as the other subdivisions of sec. 27 provide only for an application to the court for judgment where the service was by publication, it is to be presumed that the legislature intended by "personal service" in the first subdivision, all other modes of service except that by publication. But as the validity of this first subdivision, in authorizing a judgment without the intervention of any judicial officer whatever, has been questioned, and was sustained last term by a divided court, we are inclined not to extend it by construction beyond what its words clearly import. And we hold, therefore, that the personal service there required is an actual service upon the defendant. In case of service by copy left at the defendant's place of abode, the plaintiff should apply to the court for judgment.

The order appealed from is affirmed, with costs.