MORRISON VS. AUSTIN. .

The affidavit of "no answer," contained in a judgment roll, stated that *the* copy of an answer to the complaint had been received by the affiant or by his associate counsel, or at their office; and the judgment, as set forth in the roll, was, that the plaintiff *receive* of the defendant the sum of, &c. *Held,* that the word *"the"* in the affidavit was obviously written by a clerical mistake for the word *no,* and the word *receive* in the judgment, for the word *recover,* and such mistake should be disregarded on appeal or error, or when the judgment is collaterally called in question.

An execution, after stating that a certain judgment was rendered in a certain action, "between A— as plaintiff and B— as defendant," commanded the sheriff that he satisfy said judgment out of the property of "said judgment debtor." *Held,* that the fact that the execution was subscribed by the attorneys for the plaintiff in said action indicated sufficiently that the defendant was the person referred to as the "judgment debtor."

An entry of judgment by the *clerk* under sec. 27 chap. 123, R. S., when the summons (or summons and complaint) had not been *personally* served on the defendant, is irregular.

But where there was due service of the summons by copy, the jurisdiction of the *court* was complete, and the judgment entered by the clerk is good until set aside on motion.

A defendant in an action for the recovery of personal property, may, if he chooses, take a judgment for a return of the property, *without* the alternative that if the property cannot be had, he recover its value from the plaintiff.

ERROR to the Circuit Court for *Marathon* County.

Action to recover possession of certain lumber alleged to belong to the plaintiff, and to have been unlawfully detained, &c. Answer, a general denial; and title in the defendant by purchase at a sheriff's sale upon an execution on a judgment in favor of the defendant against one Single, who was the owner of the lumber at the time it was taken in execution; with a demand of judgment for a return of the lumber and for damages.

After the plaintiff had closed his testimony, the defendant offered in evidence the judgment roll and execution referred to in his answer. From the roll it appeared that the judgment was entered against Single, by the clerk of the circuit court of Marathon county, on the 7th of August, 1857, for the amount of a note set forth in the complaint, upon proof of service of summons and complaint, and affidavit of "no

answer." The proof of service was the return of the sheriff, indorsed upon the summons, that he had served the same (with a copy of the complaint thereto anexed,) on the 17th of July, 1857, on the defendant, Single, by leaving a copy thereof at his usual place of residence in the county of Marathon, in presence of one M——— S———, one of his family, a person of suitable age, who was informed of the contents thereof; the defendant not being found within his bailiwick. The affidavit of "no answer" was as follows:—"Eli R. Chase, one of the attorneys for the plaintiff in this action, being duly sworn, says, that *the* copy of an answer to the complaint in this action hereto annexed has been received by this deponent or by Wm. H. Kennedy, the other attorney for the plaintiff, as this deponent is informed and believes, or at their office on Main street in the village of Wausau."

The entry of judgment, after stating the service of the summons and that no copy of an answer had been served on the plaintiff's attorneys, proceeded as follows: "Now on motion of Kennedy & Chase, plaintiff's attorneys, it is hereby adjudged that Hiram Austin, the plaintiff, *receive* of Benjamin Single, the defendant, the sum of," &c. The execution, after reciting that "judgment was rendered on the 9th day of August, 1859, in an action in the circuit court for Marathon county, between Hiram Austin, plaintiff, and Benjamin Single, defendant, for, &c., as appears to us by the judgment roll on file," commanded the sheriff that he "satisfy the said judgment out of the personal property of said judgment debtor," &c., and was signed "Kennedy & Chase, Att'ys for plaintiff." The plaintiff objected to the admission of the judgment roll and execution, but the court overruled the objections. The jury rendered the following verdict:—"We find that the defendant did not wrongfully detain said property in the complaint set forth; that the title of said property is in the defendant, and that the value thereof is $240; and we assess the defendant's damage at $20." The plaintiff moved the court to set aside the verdict as irregular and contrary to the evidence and law, but the motion was overruled, and judgment rendered "that the defendant have

possession of the personal property described in the com-
plaint, and that he recover of the plaintiff twenty dollars
damages aforesaid," with costs, &c.

*Park & Sharpstein*, for plaintiff in error, contended that
the judgment roll was improperly admitted, because the affi-
davit of no answer was insufficient, and because there was
in legal contemplation no judgment entered ; that the exe-
cution was void for uncertainty, in not showing who was the
judgment debtor; that the verdict did not embrace all the
issues, in not finding who was entitled to the possession of
the property (*Smith vs. Phelps,* 7 Wis., 211; *Swain vs. Roys,*
4 id., 150); and that the judgment should have been in the
alternative, that the property be delivered to the defendant
or that he recover from the plaintiff, in default thereof, its
value. 7 Wis., 211; 5 Selden, 470. They argued that the
clerk had no authority to enter judgment unless the affida-
vit showed not only no answer but also that there had been
no appearance by the defendants.

*E. R. Chase,* for defendant in error. [No argument on
file.]

*By the Court,* DIXON, C. J. The objections to the judg-
ment roll introduced in evidence by the defendant below are
altogether too nice. The law is not so precise as to send a
deserving suitor out of court because his attorney or the
clerk has neglected to cross a *t* or dot an *i.* Courts will not
turn away from the merits of a controversy upon such flim-
sy excuses. Those here urged for defeating what the jury
have found to be a valid claim, are scarcely more substan-
tial. The word " the" in the affidavit of no answer, and the
word " receive" in the judgment, appear at a glance to have
been inserted by a mere slip of the pen, the one for the word
" no" and the other for the word " recover;" and this is so
obvious that no person, in the least accustomed to the pe-
rusal of such papers, could for a moment be misled, or hesi-
tate at all as to the real intention of the writer. They are
such mistakes as the court could at any time have corrected,
and as must have been disregarded in every stage of the
action. R. S., chap. 125, §§ 37, 40. If the case had come

before us on appeal or by writ of error, we must have disregarded them and affirmed the judgment. We think, therefore, that they must be disregarded when it is collaterally called in question.

The objection to the execution stands on little better foundation. It is true that a defendant may be the judgment creditor, and that the execution did not state in whose favor the judgment was rendered ; but the fact that it was subscribed by the attorneys for the plaintiff, sufficiently indicated that the judgment was against the defendant in the action, and that he was the judgment debtor spoken of. If that was not enough, a reference to the judgment and the roll, which were accurately described as required by statute, would have removed any doubts.

Another objection not noticed by counsel is, that the summons and complaint were not *personally* served upon the defendant. The entry of judgment by the clerk was therefore unauthorized. *Moyer vs Cook*, 12 Wis., 335. But as the return of the sheriff shows due service by copy, jurisdiction was complete and the entry merely irregular. It was good until set aside upon motion.

The verdict comprehends all the issues made by the pleadings. The right of possession of the property was not put in issue, but only the title.

The judgment may be irregular, but it is not an irregularity of which the plaintiff can complain. In *Pratt vs. Donovan*, 10 Wis., 378, where the property was taken from the defendant and delivered to the plaintiff, and the defendant succeeded in the action, we held that it was optional with him, under section 187 of the Code, now section 31 of chapter 132 of the Revised Statutes, to take judgment for the value of the property alone, or in the alternative for the return of the property or the value in case a return could not be had, as he might see fit. In that case the defendant did not claim a return in his answer. In this he does. Whether where a return is thus claimed, the defendant may waive it at the trial or upon the entry of judgment, and take judgment for the value, need not now be determined. The judgment here is for the return without the alternative, if it cannot be

had, that the defendant recover the value from the plaintiff. The right to take a personal judgment, if for any reason a return of the property cannot be obtained, is clearly intended for the defendant's benefit. It is necessary for his protection where he elects to have a return and fails in securing it. If he chooses to waive it and take the chances of obtaining a return of the property or realizing nothing from his judgment, the plaintiff ought not to object. The judgment is for less than the defendant is by law entitled to, and more favorable to the plaintiff than he could claim, and hence he cannot be aggrieved by it.

Judgment affirmed.