## GORMAN vs. BALL.

Where the clerk of a court enters judgment in default of an answer, under the statute, if the complaint is not sworn to, it is his duty to ascertain and assess the amount due the plaintiff by examining him under oath, or by other proof. R. S. ch. 132, sec. 27. And if the record does not contain a report or statement of the clerk (sec. 35) showing that such assessment was made, the judgment will be reversed on writ of error.

ERROR to the Circuit Court for *Racine* County.

The action in the circuit court was brought by *Ball* to recover $155 (with interest), as the contract price of a reaper

and mower, sold by him to *Gorman*. Complaint not verified. After the time to answer expired, the plaintiff's attorney filed the defendant's written order upon which the machine was furnished, and an affidavit of no answer, &c. Judgment was thereupon entered by the clerk in favor of the plaintiff for the amount named in the complaint. In his return to the writ of error, the clerk, after certifying that the foregoing are all the papers filed in his office in this action, further certifies that at the time of the entering of the judgment, "C. W. Bennett testified that he was the agent and attorney for the plaintiff, and that the defendant, when called upon by him to pay the claim mentioned in the complaint, admitted that he was indebted to the plaintiff as set forth in the complaint."

*Paine & Millet*, for plaintiff in error :

This court, in *Wells v. Morton*, 10 Wis., 473, declares that a judgment like this, "rendered in vacation, when there is no court actually in session," is "not the judgment of the court according to its legal sense or definition," &c. It is then a judgment rendered by the clerk. His power to render such judgments is very special, very limited. It applies only to cases where there is a default of answer, and to actions upon a particular class of contracts. The contract in this case was not, *upon its face*, for the payment of money ; and there is no proof that the property contracted for was ever delivered. It does not appear from the record that this is one of that class of contracts wherein the clerk may assess damages and render a judgment. But the clerk is merely a *person* charged by law with a special duty, that of assessing the damages and rendering a judgment in a certain class of cases. His power to do so must therefore appear affirmatively upon the record ; and no presumption in favor of his proceedings can attach. *Snediker v. Quick*, 1 Green (N. J.), 306 ; 3 id., 57 ; 2 Harr. (N. J.), 25 ; *Beaubien v. Brinckerhoff*, 2 Scam., 269 ; 6 Wis., 61. The clerk should make a regular finding, and file it with the judgment roll. 4 How. Pr. R., 77.

*Bennett & McClellan* for respondent :

The judgment in this action must be held to be that of the circuit court (*Wells v. Morton*, 10 Wis., 473), and as such presumed to be regular until the contrary is made to appear. The statute requiring that proof should be taken before it was entered, it will be presumed that proof was taken sufficient to sustain the judgment, even if the fact does not appear upon the record ; especially as testimony does not in any case become part of the record unless made so by settling a bill of exceptions or case. 7 Wis., 149, 143 ; 8 id., 168. But the record here in fact shows that *some* evidence was taken by the clerk, (to wit, the letter of *Gorham* to *Ball* ordering the machine,) and this satisfies the requirement of the statute, and the court must presume that the proof made was sufficient to authorize the judgment. In the case cited from 4 How. Pr. R., 77, it is not claimed that in New York even there is any provision of statute requiring the clerk to file a written finding ; but it is a mere requirement of the judge. Such a course would no doubt be good practice, but there is nothing in our statute requiring it. A finding is required only where there is a *trial*, either by the court or by a referee (secs. 19, 23, ch. 132, R. S.); but in case of failure to answer there is no issue, and can be no trial.

*By the Court,* PAINE, J. The counsel for the plaintiff in error is mistaken in supposing that the decision of this court in *Wells v. Morton*, 10 Wis., 468, held that clerks of the circuit courts are clothed with any judicial power, or become tribunals of inferior jurisdiction, subject to the principles applicable to that class of tribunals. On the contrary, the decision of the majority was based upon the assumption that judgments entered by the clerk in vacation, under the statute, are to be held and regarded as the judgments of the court, as much so as though entered in term time. This renders inapplicable that portion of the argument in which the counsel

seeks to apply to this judgment those rules which govern in passing upon the acts of inferior tribunals of limited jurisdiction.

But we are still of the opinion that the judgment must be reversed, for the reason that there is nothing in the record showing that the amount of the damages has ever been legally ascertained. The complaint not being sworn to, it was the duty of the clerk to ascertain and assess the amount due to the plaintiff, from his examination under oath or other proof. R. S., chap. 132, sec. 27. And to sustain the judgment the record should show that such assessment was made. The default does not dispose of the question of damages. If the complaint had been sworn to, it would have done so. But not being sworn to, that still remained as an open question, in the nature of an issue of fact as to the amount due. Formerly it would have been disposed of by a jury, and their verdict upon it would have constituted an essential part of the judgment roll, just as the verdict was on an issue of fact where such issue was made by the pleadings. And on error, if the record shows a judgment on an issue of fact, but shows no verdict or finding by which that issue was disposed of, the judgment cannot stand. For although if its validity were questioned collaterally, it might be presumed that there was such a verdict or finding, yet such would not be the case on a direct proceeding to reverse it. There the record must show such a disposition of the issues in the case as to authorize the judgment. And this rule would, without doubt, under the old practice, have extended to the question of the amount of damages on a default, in cases where an assessment by a jury was necessary, so as to require the record to show their verdict. And we think it equally applicable to the same question under the present practice, where an assessment is required to be made by the clerk.

Section 35, chapter 132, provides that in cases where the complaint is not answered, the judgment roll shall contain,

among other things,. "the report, if any." This seems clearly to contemplate that in those cases where an assessment is necessary, there must be a report to show the amount for which the judgment should be entered. The words, "if any," were not designed to render it discretionary whether to report or not, in cases where a report would be proper, but to distinguish between those cases where an assessment was necessary and those where it was not.

We are therefore of the opinion that although section 27 does not expressly provide that the clerk shall make a report or statement showing his assessment, yet from all the provisions of the statute on the subject, and from the nature of the proceeding itself, such a rule is fairly to be implied. The following cases sustain our conclusion : *Daniel v. Judy*, 14 B. Mon., 393 ; *Clarke v. Seaton*, 18 id., 227 ; *Thompson v. Haskell*, 21 Ill.. 215 ; *Squire v. Elsworth*, 4 How. Pr. R., 77.

The judgment is reversed, with costs, and the cause remanded.