## NORTHRUP vs. SHEPHARD.

1. JURISDICTION: *Motion to set aside complaint gives jurisdiction of person.*
2. PRACTICE: *Judgment in default of answer; to whom and on what notice application must be made.*

1. Where defendant, after a defective service of summons and complaint, moved the court, by his attorney, to set aside the *complaint*, and appeared by attorney at the hearing of the motion, and declined to prosecute the same, this appearance gave the court jurisdiction of his person.
2. In every case where a copy of the summons has not been "delivered" to the defendant personally, if he appears in the action before the time for answering expires, application for a judgment in default of an answer must be made to the *court* (under subd. 2, sec. 27, ch. 132, R. S.), upon a notice of *eight* days.

APPEAL from the Circuit Court for *Rock* County.

The action was against *Shephard* and one Willis, upon promissory notes. The summons filed was in the form usual in such actions. The sheriff's original return showed service upon *Shephard* by leaving a copy of the summons and complaint at his residence, with a person of suitable age and discretion, but did

not show that *Shephard* himself could not be found in the county. A judgment against both defendants was set aside, as to *Shephard*, on that ground; and the order was affirmed on appeal to this court. 23 Wis. 513. Afterwards the sheriff's return was amended so as to remedy the defect above mentioned. Thereupon, judgment in default of an answer was entered against *Shephard*, without notice to his attorneys. Afterwards he moved to set aside the judgment on that ground, and because there never had been any valid service of summons upon him. The papers used upon the motion show that, before the time for answering expired, *Shephard's* attorneys moved to dismiss the complaint as irregular, in that it was upon contract for the recovery of money only, while the summons was one for relief; but when the motion came on to be heard, it was discontinued. Affidavits of the sheriff and others were also used on the motion to set aside the judgment, tending to show that the " copy " summons left at *Shephard's* house was one " for relief," and that the sheriff's return, so far as it stated that the summons served was a copy of that on file, was made through mistake.

The motion to set aside the judgment was denied; and *Shephard* appealed.

*Todd & Converse*, for appellant.

*Noggle & Castle*, for respondent.

DIXON, C. J. It is unnecessary to consider here whether the service upon the defendant *Shephard* was good or not, or whether the court acquired jurisdiction over his person by virtue of the process alone, since a fact is made known by this record which did not appear when the cause was here on the former appeal. 23 Wis. 513. The record now shows that there was an appearance on the part of the defendant within five days after the service of the summons and complaint. He appeared in the action by his attorneys,

and moved to set aside the complaint. The motion was regularly served and noticed, and on the day of hearing, his attorneys appeared before the court and declined to prosecute it, and it was discontinued, with five dollars costs of motion against him. There can be no doubt that this was an appearance. Moving to set aside the complaint was inconsistent with any other supposition than that the court had acquired jurisdiction of his person by the service of the summons. It was an admission that the court had such jurisdiction.

The defendant having appeared in the action, the next question is, whether he was entitled to notice of the plaintiff's application to the court for judgment. It is clear that such notice should have been given to his attorneys at least eight days before the application was made, in the manner prescribed by subd. 2 of sec. 27, ch. 132, R. S. The service upon him was not " personal," but by " copy." It is only where the service is " personal " that application may be made to the clerk under subd. 1 of the same section. *Moyer v. Cook*, 12 Wis. 335. If the service is " by copy," application for judgment must be made to the court under subd. 2, in which case the requirements of that subdivision must be complied with. The case of *Sayles v. Davis*, 22 Wis. 225, presented quite another question, since the appearance there was not until after the time for answering had expired. The order must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*—So ordered.