## VAN DRESAR vs. COYLE and others.

*Vacating Judgment.*

It is the settled law in this state that the circuit court has no jurisdiction to review a judgment rendered at a former term, for the purpose of correcting its own errors, or to vacate such judgment for errors in law or fact committed by the court in rendering it or in the proceedings prior thereto.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was brought to foreclose a mortgage executed by the defendant *Coyle* to the plaintiff. The summons was personally served on all the defendants, and all of them made default. Judgment of foreclosure, etc., in the usual form was rendered by the court, and was followed by a sale of the mortgaged premises and by confirmation of the report of sale. At a term subsequent to that at which the judgment was entered, the court granted a motion of the defendants to vacate the judgment and for leave to answer; which motion was founded upon certain alleged errors and irregularities in the judgment and prior proceedings. The plaintiff appealed from the order.

*Boland & Matteson*, with *E. S. Bragg* of counsel, for appellant.

*Priest & Carter*, for respondent.

LYON, J. No rule of law is better settled in this state than the rule that the circuit court has no jurisdiction to review a judgment rendered at a former term for the purpose of correcting its own errors, or to vacate such judgment for errors in law or fact committed by the court in rendering it or in the proceedings prior thereto. The cases in which this court has so held are numerous. Among them are *Pinger v. Van Click*, 36 Wis., 141; *Bonnell v. Gray*, id., 374; *Quaw v. Lameraux*, id., 626; in which are cited many others to the same effect.

In this case the motion is made exclusively upon the ground that there were errors in the judgment and prior proceedings. Such errors (if they exist) were committed by the court. Hence, the court had no power to correct them at a term subsequent to that at which the judgment was rendered. That can only be done on an appeal from the judgment.

It follows that the order from which this appeal was taken, must be reversed.

*By the Court.* — Order reversed.