## EGAN vs. SENGPIEL.

VACATING JUDGMENT: ENTRY OF JUDGMENT BY CLERK: IRREGULAR AND VOID JUDGMENTS. *(1, 2) Limit of time for vacating judgments. (3) Motion to vacate falls with the term. (4) Judgment on default: power of clerk. (5) Notice to defendant of application for judgment. (6, 7) When judgment irregularly entered not void. (8) Demand of bill of particulars: stay of proceedings.*

1. A motion to set aside a judgment entered by the clerk, on the grounds that plaintiff failed to serve a bill of particulars on defendant's demand, and that no notice was given of the assessment of damages by the clerk, is not a motion under sec. 38, ch. 125, R. S. 1858, for relief against a judgment suffered through the applicant's mistake, surprise or excusable neglect.

Egan vs. Sengpiel.

2. A *valid* judgment cannot be set aside for mere irregularities, after the term at which it was entered, or after the next term where it is entered by the clerk in vacation.

3. A motion to vacate a judgment for irregularity, if not determined at the term at which it is made, nor continued by order of court, falls with the term. Whether it can be so continued, is not here decided.

4. An appearance by defendant in the action before the time to answer expires, gives the clerk jurisdiction, in a proper case, to enter judgment upon default, as though there had been a personal service of the summons. *Lindauer v. Clifford*, 44 Wis., 597, followed; and *Northrup v. Shephard*, 26 Wis., 220, and two earlier cases in this court, as to this point, disapproved.

5. In an action upon contract for the recovery of money only, the complaint being verified, no notice of application for judgment in default of answer need be given, even where defendant has appeared (R. S. 1858, ch. 132, sec. 27); and an action for the value of medicines and medical services furnished and rendered at defendant's request, is such an action.

6. A judgment upon default entered without notice in a case where defendant was entitled to notice, would not be *void* for that reason.

7. The entry of judgment pending a stay of proceedings on plaintiff's part, is a mere irregularity, and the judgment is not void for that reason, even though it be one entered by the clerk in vacation.

8. Whether, since the adoption of the circuit court rules of 1857, or since ch. 192 of 1865 (R. S. 1878, sec. 2672), a demand by defendant of a bill of particulars regularly operates (under Rule 31 of the *old* C. C. rules) to stay plaintiff's proceedings until such bill is furnished, *quœre*.

APPEAL from the Circuit Court for *Iowa* County.

The case is thus stated by Mr. Justice TAYLOR:

" This is an action to recover on an account for medical services and medicines. The complaint was duly verified, and served with the summons. Within twenty days after the service of the summons and complaint, the defendant gave notice of an appearance by his attorney, and demanded a bill of items of the plaintiff's account, but did not serve any answer or demurrer to the complaint, nor obtain any order staying proceedings on the part of the plaintiff. On the 21st day of September, 1877, and after the expiration of twenty days from the date of the service of the summons and complaint, but

before the expiration of ten days after the demand for a bill of items, and without any notice to the attorney for the defendant, the plaintiff entered judgment before the clerk in vacation. At the next term of the court, the defendant gave notice of a motion to set aside the judgment for irregularity. The irregularities specified in such motion were, that no copy of a bill of particulars had been served as required by the rules of the court, and that no notice was given of the assessment of damages by the clerk, as by law required. This motion was not brought to a hearing at said term, and no order was made continuing the hearing thereof to some future term. On the 24th day of August, 1878, the defendant's counsel gave notice that the motion to vacate the judgment herein, and the motion for a further bill of particulars pending in the action, would be brought to argument at the special term of the court to be held at the court house in Lancaster, on the 10th day of September, 1878. Upon this last notice an order was made by the court on the 18th day of September, 1878, vacating and setting aside the judgment, and granting the defendant leave to answer."

From this order the plaintiff appealed.

For the appellant, there were briefs by *Briggs & Jenks*, and oral argument by *Mr. Briggs*.

*J. P. Smelker*, for the respondent.

TAYLOR, J. The only question involved in this appeal is, whether the court had power to set aside this judgment after the expiration of the next term of the court after the entry thereof.

For the purpose of this appeal, the case must be treated as though the motion to vacate the same was originally made on the 24th day of August, 1878. As the former motion had not been heard at the October term, 1877, and no continuance of such hearing had been made by the court, that motion fell with the adjournment of the October term of said court. We

do not intend to decide that the court would have had the power to continue such motion to a subsequent term, and then make an order vacating such judgment; it is sufficient for the decision of this case, that no such continuance was in fact made. The motion in this case was clearly not a motion made under the provisions of sec. 38, ch. 125, R. S. 1858, the granting of which would be in the discretion of the court, but was a motion based upon a legal right to have the judgment vacated because irregularly entered.

If the judgment was not void, it is unnecessary to cite the authorities which hold that the court has no power to vacate the same after the expiration of the term at which the same was entered, when entered in court, nor after the expiration of the next term after the entry thereof, when entered by the clerk of the court in vacation.

The learned counsel for the respondent does not controvert this rule, but insists that the judgment was void, and not merely irregular. If the judgment was void, the motion was in time; if irregular merely, it was too late.

There are but three reasons urged upon the court by the learned counsel for the respondent for holding the judgment void: *first*, because the demand for a bill of items of the plaintiff's account operated as a stay of proceedings on the part of the plaintiff, until such bill of items was delivered; *second*, because, the defendant having appeared in the action before the time to answer had expired, notice of the application for judgment should have been given to his attorneys; *third*, because there was not sufficient proof of personal service of the summons and complaint upon the defendant.

The third cause assigned, we do not think has any foundation in fact. From an examination of the affidavit of the person who served the summons and complaint, we are inclined to hold that it sufficiently shows that the person upon whom the same was served was known to the person who served it, to be the person named as the defendant in the summons.

The affidavit of service says, "that he personally served the within summons and complaint upon the within named defendant, *William Sengpiel*, to him well known, by," etc. But if it was not sufficient, the defendant appeared in the action by counsel before the time to answer had expired; and such appearance is by statute made equivalent to a personal service on him. Sec. 21, ch. 124, R. S. 1858. This court held in *Lindauer v. Clifford*, 44 Wis., 597, that such appearance in an action before the time to plead had expired, gave the clerk jurisdiction to enter judgment upon default, in the same manner as though there had been, in fact, a personal service; and although this latter decision is in apparent conflict with the decisions in *Moyer v. Cook*, 12 Wis., 335; *Morrison v. Austin*, 14 Wis., 601; *Northrup v. Shephard*, 26 Wis., 220, we are disposed to adhere to the decision in *Lindauer v. Clifford*, as being in accord with both the spirit and reason of the law.

In the cases above cited, there was no appearance by the defendant before the entry of judgment, except in the case of *Northrup v. Shephard;* and in that case it does not appear that the attention of the court was called to the provisions of the statute defining the effect to be given to a personal appearance by a defendant. The law gives power to the clerk to enter judgment, in actions arising upon contract for the recovery of money only, upon proof of personal service of the summons and complaint upon the defendant, and that no answer has been received. It provides, substantially, that the defendant shall have notice of the claim made by the plaintiff against him, and gives him time to make answer, and, when he declines to make any answer, authorizes judgment as a matter of course, in favor of the plaintiff. The voluntary appearance of the defendant, after a service either personally or by copy, is the best of evidence that he has notice of the action commenced against him; and there is, therefore, no necessity thereafter of making any formal proof of the service of the

process or complaint on him. But this court held in *Morrison v. Austin* and *Northrup v. Shephard*, that, in case there was in fact a service by copy, or a personal appearance of the defendant, before the entry of judgment by the clerk, such judgment was not void, as such service or appearance gave the court jurisdiction of the person of the defendant.

The second reason for holding the judgment void is clearly not well taken. When the action is upon contract, and for the recovery of money only, and the complaint is sworn to, no notice of the application for judgment need be served upon the defendant, even though he appear in the case. It is urged that this was not an action upon contract for the recovery of money only, within the meaning of the statute. It was clearly an action upon contract; it was to recover for the value of medical services and medicines. The complaint alleges that the services were rendered and the medicines furnished at the request of the defendant. Upon this allegation there is clearly an implied contract on the part of the defendant to pay the plaintiff what such services and medicines were reasonably worth. It is equally clear that it was an action for the recovery of money only. The plaintiff asks judgment for money, and money only. The plaintiff alleges that the services and medicines were worth $225, and swears to that, with the other allegations. If the defendant desires to controvert the amount of the plaintiff's claim in an action of this kind, he must do so by answer; and if he does not, he admits the justice of the amount of the claim, as well as the other facts set out in the complaint. *Gorman v. Ball*, 18 Wis., 24–27.

But if the defendant were entitled to notice of the application for judgment, the want of such notice would not render the judgment void. *Morrison v. Austin* and *Lindauer v. Clifford, supra; Gorman v. Ball*, 18 Wis., 24; *Ætna Ins. Co. v. McCormick*, 20 Wis., 265; *Bonnell v. Gray*, 36 Wis., 574; *Salter v. Hilgen*, 40 Wis., 363.

Egan vs. Sengpiel.

The first and principal reason urged for setting aside the judgment as void, was, that the demand for a bill of items worked a stay of proceedings under the law and the rules of this court, until such bill was served; and that a judgment entered by the clerk pending such stay was wholly unauthorized and void. It is at least doubtful whether, since the enactment of ch. 192, Laws of 1865, a demand for a bill of items of plaintiff's account operates as a stay of proceedings on the part of the plaintiff until the demand is complied with. It is so easy a matter for the defendant to procure an order extending his time to answer, when such time is really necessary in order to enable him to procure a bill of items of the plaintiff's demands, that the rule contended for by the defendant ought not to prevail, unless the law clearly establishes it. The act of 1865, which is now sec. 2672, R. S. 1878, does not, in terms, declare that such demand shall work a stay; and unless it be necessary to give it that construction to prevent great injustice being done to the parties entitled to such bill of items, it would be contrary to all well settled rules of construction to so construe it. The only doubt I have on the subject is, whether the act of 1865 suspended the rule of the circuit court theretofore in force, which declared that such demand should, in a certain case, be a stay of proceedings on the plaintiff until he furnished the bill of items as demanded. Old Rules C. C., No. 31, Tay. Stats., p. 2020. This rule was not contained in the list of rules published in 1857, but as the rules then published only abrogated all other rules in conflict with the ones then published, it might be urged with great plausibility, at least, that old rule 31 was in force after the publication of the new rules in 1857; but whether this rule was abrogated by the new rules of 1857, or superseded by ch. 192, Laws of 1865, or is still in force, is immaterial to the decision of this case.

Admitting that the rule was in force, and that the demand of the defendant for a bill of items of the plaintiff's account

operated as a stay of proceedings on the part of the plaintiff, still the entry of judgment pending such stay, and before the bill of items was in fact delivered, would not render the judgment void. It would be an irregularity, for which the judgment might be set aside on motion, if made in time; or, upon appeal from the judgment, such judgment might be reversed for that cause; but, until set aside or reversed, the judgment would bind the parties, and it could not be attacked in a collateral proceeding, on the ground that it was void for want of power in the court to render the same. This, we think, is clearly established by the decisions of this court in *Salter v. Hilgen*, 40 Wis., 363; *Pier v. Amory*, id., 571; *Van Dresar v. Coyle*, 38 Wis., 672; *Pinger v. Vanclick*, 36 Wis., 141–3.

It is conceded that if the judgment had been entered in term-time on application to the court, such judgment would not have been void, although entered pending an order staying proceedings on the part of the plaintiff; but it is urged that when so entered out of term by the clerk, it is void. We think no distinction of that kind can be made between judgments entered on application to the court, and those made on application to the clerk; in both cases the judgments, when entered, are the judgments of the court. It may be a fiction that the court enters the judgment when entered by the clerk in vacation, but it is that fiction alone which gives validity to such judgments. *Wells v. Morton*, 10 Wis., 468; *Gorman v. Ball*, 18 Wis., 24. In the last case, the court, in substance, held that the judgment entered by the clerk must not only be treated as the judgment of the court, but must be held to have the same effect as though entered by the court in term-time. This rule as to the effect of a judgment entered by the clerk can work no harm to litigants, under the rule of this court which permits any person, aggrieved by any irregularities in the entry of such judgments, to have the same vacated upon motion made at any time before the expiration of the next term of the court after the entry thereof.

We are unable to find anything in the record on this appeal, which shows that the judgment set aside by the order of the court below was void. And the motion to vacate and set aside the same for irregularity in the entry thereof having been made after the expiration of the next term of the court after such entry, was too late, and the circuit court had no power to make the order vacating the same and giving the defendant leave to answer.

*By the Court.* — The order of the circuit court is reversed.