January Term, 1861.

POLLARD
v.
WEGENER.

## POLLARD VS. WEGENER.

Where the facts upon which a court assumed jurisdiction are *recited in the record*, and appear by it to have been such as in law did *not* confer such jurisdiction, the defendant is not bound by the judgment.

Statutes which dispense with the actual personal service of process, and in its place provide for that which is less certain and satisfactory, must be strictly pursued.

Where a decree for a divorce and a conveyance of land was rendered in a circuit court of this state in 1850, in favor of a husband against his wife, who did not appear or make defense, and the record recited that it appeared to the court that the "subpœna had been duly served personally by the sheriff upon the defendant more than ten days," &c., but the record contained also the sheriff's return upon the subpœna, which was only that he had "duly served the subpœna by leaving a true copy thereof at the defendant's last and usual place of residence in said county, on, &c.:" *Held*, that this return did not show a substantial compliance with the statute then in force, which required that every subpœna or process for appearance should be served by giving the defendant "a copy thereof, or by leaving a copy thereof at the dwelling house or usual place of abode of the defendant, *with some person of the age of ten years or upwards, to whom the nature of such process shall [should] be explained;*" and the want of jurisdiction was therefore apparent upon the face of the record.

Said decree directed that the defendant should convey certain land to the plaintiff, and that on default thereof the decree should stand as a conveyance, and after such default, the plaintiff conveyed the land to a third person. *Held*, that the defendant in said decree, in an action brought by her for the recovery of said land, might, for the purpose of further showing

that said court acquired no jurisdiction, prove by the sheriff, who attempted to serve said subpœna, that he left it at her residence, but not *with or in the presence of any person ;* and might also testify (being a competent witness under the statute) that the subpœna was never served upon or received by her personally or otherwise, and that she had no knowledge of the commencement of the suit until after the decree was rendered.

The recital in the record that the defendant was duly served with the subpœna, would not, even if the record were *silent* as to the *manner* of the attempted service, be *conclusive* of the fact that she was so served.   Per DIXON, C. J.

ERROR to the Circuit Court for *Jefferson* County.

Ejectment, commenced in January, 1860.   The answer stated that the plaintiff (whose maiden name was *Ann Pollard*) was married in May, 1849, to one John Dean, who, at or just before the marriage, in consideration thereof, conveyed to her the land in controversy ; that on the 1st day of November, 1850, said John obtained a decree in the circuit court of said county of Jefferson, by which the said marriage was dissolved, and said *Ann* was directed to re-convey said land to said John, in 20 days, and in default thereof, the decree was to stand as a re-conveyance ; that she refused to comply with the decree, a copy of which was duly served upon her ; that the decree was recorded in the office of the register of deeds of said county, in February, 1855 ; and that in March, 1854, said John Dean sold and conveyed the land to the defendant, who claimed protection as an innocent purchaser.

On the trial, the plaintiff having introduced the deed executed to her by John Dean, the defendant read in evidence the record of the decree referred to in the answer, and proved that a copy of it was served on said *Ann* within twenty days after its rendition, and a conveyance of the land demanded of her, which she refused to execute, and that the decree was recorded as stated in the answer.   He also read in evidence the record of a deed for the land in controversy, executed to him by John Dean, dated March 13th, 1854, and recorded February 16th, 1855.   The plaintiff, for the purpose of showing that the court never acquired jurisdiction to render the decree against her, then gave in evidence the judgment roll in the action of *John Dean vs. Ann Dean* (*Pollard*), from which it appeared that the return made by

the sheriff on the subpœna against her in that case, was as follows: " Jefferson County, ss. : I hereby certify that I duly served the within subpœna by leaving a true copy thereof at the defendant's last and usual place of residence, in said county, this 4th of April, 1850." The order to plead, which was signed by the court, after stating the title of the cause, recited the service of the subpœna, in these words: " And it further appearing that said subpœna was duly served upon said defendant by the sheriff of said county more than ten days before the return day thereof, therefore," &c. The order for taking testimony, after stating the names of the parties, &c., recited the service of the subpœna, as follows: "And it appearing to the court that a subpœna has been personally served on the defendant, and returned, ordered," &c. The decree recites the bringing of the cause to hearing upon the petition and testimony of the complainant, and that "the defendant failed to appear and answer, or make defense."

For the purpose of showing further the want of jurisdiction, the plaintiff *Ann Pollard* (Ann Dean) was called as a witness, and was asked, "Was any summons or subpœna ever served upon or received by you, in the case of *John Dean vs. Ann Dean*, the record of which is here introduced?" The defendant objected to the question, on the ground that such evidence was not admissible to impeach the decree; and the court sustained the objection.

Other evidence offered on the part of the plaintiff, tending to show that the subpœna was not in fact served upon her, was excluded by the circuit court; but this part of the case is fully stated in the opinion of the court. The circuit court charged the jury, that the decree in the case of *John Dean vs. Ann Dean*, was valid and binding upon her; and refused to charge that it appeared affirmatively from the return of the sheriff and the record in the case, that the court had no jurisdiction over the defendant in that action, and that, as against her, the decree was void. Verdict for the defendant.

Motion for a new trial overruled, and judgment.

*Gill, Barber & Fribert*, for plaintiff in error:

The question in this case is settled in this state by the

January Term, 1861.

POLLARD
v.
WEGENER.

decision in *Rape vs. Heaton*, 9 Wis., 328. The return of the sheriff shows affirmatively that the court acquired no jurisdiction.

*Enos & Hall*, for defendant in error :

1. The proceedings of a domestic court of general jurisdiction cannot be questioned collaterally, and are absolutely binding upon the parties until set aside by the court in which they are had, or reversed ; and this where there are no facts or averments necessary to give jurisdiction. *Fort vs. Stevens*, 17 Wend, 483 ; *Swiggart vs. Harber*, 4 Scam., 364 ; *Voorhees vs. U. S. Bank*, 10 Peters, 472 ; *Grignon's Lessee vs. Astor*, 2 Howard, (U. S.), 319 ; *Cook vs. Darling*, 18 Pick., 393 ; *Granger vs. Clark*, 22 Maine, 128 ; *The Town of Huntington vs. The Town of Charlotte*, 15 Vt., 46 ; *Tallman vs. Ely*, 6 Wis., 244. But in this case it is adjudged that the subpœna had been properly served upon the defendant, first in the order to plead, and again in the order (signed by the court) to take testimony. The decision of the court upon this question is as conclusive upon the parties as any other. The defendant, in purchasing of Dean, was not bound to go beyond the decree. *Thompson vs. Tolmie*, 2 Peters, 157, and cases there cited. The plaintiff is estopped from setting up title against the defendant. It would be gross injustice to allow the plaintiff, after notice of the decree, to lie by for ten years, see the defendant make improvements upon the land, and then at this late date dispute his title. *Storrs vs. Baker*, 6 Johns., Ch. R., 169 ; *Wendell vs. Van Rensselaer*, 1 id., 344.

April 10.          *By the Court*, DIXON, C. J. The principles adopted in the case of *Rape vs. Heaton*, 9 Wis., 328, seem decisive of this action in the form in which it is now presented for our consideration. The broad and rational doctrine that we may, in all cases where a decree or judgment is relied upon as the foundation of a legal right, inquire into the facts which by law are made necessary to the jurisdiction of the court or tribunal by which it was pronounced, and, if it appears that such facts did not exist, disregard such decree or judgment as unauthorized and void, is there asserted, and, as we think,

January Term, 1861.

POLLARD
v.
WEGENER.

maintained by a process of reasoning which cannot well be answered. Such facts being the source whence the court must derive its authority to bind and conclude the parties, it follows as a logical necessity that there can be no estoppel or conclusive effect when they did not exist. And in this respect it is immaterial whether the supposed adjudication or recital be such as concerned the nature or existence of the jurisdictional facts themselves, or such as pertained to the merits of the matters originally in controversy. In either case, if jurisdiction was wanting, the proceeding was without life or validity. It is a rule which admits of no exceptions, in cases where the right to exercise judicial power depends upon the existence of certain facts, or the prior performance of particular acts; and those cases in which the court or tribunal, its jurisdiction being otherwise complete, is authorized to determine certain matters of fact which in some sense relate to its power to proceed farther and take cognizance of the action, are in reality not exceptional. The power to act upon a given state of facts, and likewise to decide whether they exist, constitutes jurisdiction; and the judgment upon them is conclusive until it is reversed by a direct proceeding. *Wanzer vs. Howland*, 10 Wis., 16. Hence the recitals contained in the record before us, that the plaintiff in error was duly served with the process of subpœna in the action for a divorce, are not now and could not, if the record were silent as to the manner of the attempted service, be conclusive of the fact that she was so served. For until the court, by a proper service of the process, had acquired jurisdiction of her person, it was powerless to bind or conclude her upon that or any other question which might arise in the action. It could not adjudicate into existence those facts which were necessary in order to enable it to act at all in the premises. It is not pretended that the plaintiff voluntarily appeared in the action, or that she did any other act by which she waived the strict service of process, or submitted her person to the jurisdiction of the court; but the question rests entirely upon the due service of the subpœna. To say in such a case, what all must admit, that the power of the court to proceed or to create a record, depended upon

the fact that the subpœna had been properly served, and at the same time, to say that the defendant in the action is concluded, by a false allegation that it was so served, from showing that it was not, is certainly a most fallacious mode of reasoning. And to hold such allegation conclusive against the facts which the supposed record itself discloses concerning the manner of the alleged service, would be still more absurd. It is, as Judge MARCY says, in *Starbuck vs. Murray,* 5 Wend., 148, reasoning in a circle. The paper relied upon is a record, because it says the defendant was duly served with process, and the defendant was duly served with process because the paper is a record.

The decision of this court in the case of *Tallman vs. Ely,* 6 Wis., 260, cited by the counsel for the defendant in error, is not in conflict with the principles laid down in *Rape vs. Heaton.* It was there held that it was competent to show an appearance in fact by parol proof, the record itself being in that particular vague and uncertain; but it was not decided that it was incompetent to show by the same kind of testimony, that there was in reality no appearance, when the record recited that there was. It was held that such proof of an appearance might be received, because it was not inconsistent with the averments of the record, and because it went to support a record, the validity of which was already presumed in law. That case is therefore entirely in harmony with the position that the existence of the facts which by law are made indispensable to the jurisdiction of the court, may at all times be questioned, notwithstanding any recitals which may be contained in the supposed record.

The judgment which was the subject of discussion in *Rape vs. Heaton,* was placed upon the same footing as a domestic judgment; and in respect to questions of jurisdiction, we apprehend that there can be no distinction between the judgments of our own, and those of our sister states, except so far as those questions may be affected by such statutory regulations as the state in which the judgment was rendered may constitutionally enact. That case was decided upon the ground, that according to the laws of Wisconsin, the want of jurisdiction was apparent upon the face of the record

itself. That ground of decision, we believe, has never been anywhere disputed. It has always been admitted, that if the facts upon which the supposed jurisdiction was assumed are recited in the record, and they appear from it to have been insufficient and not such as in law would confer such jurisdiction, then the party is not bound by it, but may disregard all its averments. Such is the condition of the record under consideration. The want of jurisdiction appears on its face. The statute in force at the time the action was commenced (section 16, chapter 84, R. S., 1849), provides as follows : "Every subpœna or process for appearance shall be served on the person to whom it is directed, at least ten days before the return thereof, by giving him a copy thereof, or by leaving a copy thereof at the dwelling house or usual place of abode of the defendant, *with some person of the age of ten years or upwards, to whom the nature of such process shall be explained.*" The return of the officer is in these words : "Jefferson county, ss.: I hereby certify, that I duly served the within subpœna by leaving a true copy thereof at the defendant's last and usual place of residence in said county, this 4th day of April, A. D. 1850. E. D. MASTERS, Sheriff." It will be readily seen that this was no compliance with the substantial requirements of the statute. Two of the most important requirements of a service by copy were entirely omitted, viz.: the leaving of the copy with a person of the age of ten years or upwards, and the explanation to such person of the nature of the process. Statutes which dispense with the actual personal service of process, and in its place provide that which is less certain and satisfactory, must be strictly pursued. No departure from their provisions ought ever to be allowed; but on the contrary, every measure which the legislature has adopted for the purpose of securing the object in view, which is, that the party may receive actual notice, should be particularly carried into effect. This was not done in the case before us, and the supposed service was therefore inoperative and void.

In addition to the defects apparent on the record, the counsel for the plaintiff in error called her to the stand as a witness, and offered to show by her testimony that the sub-

pœna was never served upon or received by her personally or otherwise, and that she had no notice or knowledge of the commencement of the action in which it was issued, until after the decree had been rendered therein. To this offer the defendant objected, the objection was sustained, and the plaintiff excepted. She also called the sheriff by whom the supposed service was made, and offered to prove by him that he did not leave a copy of the subpœna with her or any person for her; that at the time of making service he did not see her or any other person; and that the service was made by simply leaving a copy of it at her place of residence, but not with or in the presence of any person. This offer was also objected to, the objection sustained, and exception taken. After what has already been said, it is needless for us to add that the circuit court erred in excluding this testimony. It should have been admitted.

For these reasons, the judgment must be reversed, and a new trial awarded.