SAYLES VS. DAVIS.

*Service of summons by private persons— What affidavit must show—Jurisdiction—Judgment rendered without jurisdiction—May be set aside on motion, or reversed on appeal.*

1.  Where a summons is served by any other person than the sheriff, and the affidavit of such person fails to show at what place it was served, and, in case of personal service, that he knew the person served to be the person mentioned in the summons, there being no subsequent appearance by such defendant before judgment, there is nothing to show that the court acquired jurisdiction of his person.

2.  No presumption will be indulged in such a case in favor of the regularity of the judgment, upon facts which are not wholly inconsistent with any other hypothesis than that the service was properly made.

3.  An affidavit of service of summons and complaint by one who was not an officer of the court, was made May 3d, 1864, as follows: "State of Wisconsin, Milwaukee County, ss. A. B., being first duly sworn, on oath says, that on the 3d day of May, 1864, he served a copy of the within summons and complaint on C. D., who is personally known to this affiant, by giving and leaving with him a copy thereof, and that on the same day he served a copy on E. F. by leaving a copy of the said summons and complaint at his house and residence in the city of Milwaukee," &c. *Held*, that it was not sufficient as to C. D.

4.  The defendant C. D., in such a case, not having appeared before judgment, might have the judgment against him set aside by motion in the court below; but failing to avail himself of this remedy, may have the judgment reversed on appeal.

APPEAL from the Circuit Court for *Rock* County.

Action by holder of tax title to bar the title and interest of the original owners, *Davis* and Moore. The affidavit of service of summons and complaint was made May 3d, 1864, as follows: "State of Wisconsin, Milwaukee County, ss. William J. C. Forster, being duly sworn, on oath says, that on the 3d day of May, 1864, he served a copy of the within summons and complaint on *Cyrus D. Davis*, who is personally known to this affiant, by giving and leaving with him a copy thereof; and that on the same day he served a copy on David S. Moore, by leaving a copy of said summons and complaint at his house and residence in the city of Milwaukee," &c.

The action was discontinued as to Moore. *Davis* did not appear, and upon proof of no answer, &c., judgment was rendered against him; from which this appeal was taken.

Sayles vs. Davis.

*H. K. Whiton*, for appellant, as to the insufficiency of the affidavit of service, cited 5 How. Pr. R., 346; 14 id., 380, 547; 5 Johns., 359.

*A. A. Jackson*, for respondent:

It is not denied that the appellant was in the state, nor that he was properly served; but it is contended only that the proof of such service is insufficient. The *service*, and not the affidavit of it, gives the court jurisdiction; and any proof that shows *prima facie* that the summons has been actually served is sufficient to authorize the court to proceed in the action. If the appellant deemed the proof insufficient, he should have applied to the court before judgment. *Myers v. Overton*, 4 E. D. Smith, 428; *Barnes v. Harris*, 4 Coms., 375. See also *Voorhees v. Bank of U. S.*, 10 Peters, 449, 472; *The Ship Potomac*, 2 Black, 581. The summons having been actually served, a mere non-compliance with the rule in making the proof would affect no substantial right of the appellant, and the defect should be disregarded. Sec. 40, ch. 125, R. S.

Dixon, C. J. Rule 41 of the rules of the circuit courts provides that where the service of the summons shall be made by any other person than the sheriff, it shall be necessary for such person to state in his affidavit of service, at what particular place he served the same, and, in case of personal service, that he knew the person served to be the person mentioned and described in the summons as defendant therein. The service in this case was not by the sheriff, and the affidavit is defective in both these particulars. The defendant not having appeared in the court below, appeals from the judgment against him, and asks to have it reversed for want of jurisdiction. The affidavit shows no service as required by law, and consequently no jurisdiction in the court to render the judgment; and we think it must be reversed. The venue shows that the affidavit was made in Milwaukee county, and it also appears from the affidavit that service was made upon the other defendant, Moore,

by copy left at his residence in the city of Milwaukee on the same day of the supposed service upon *Davis*. It is urged from these facts that the service upon *Davis* must have been in Milwaukee. This may be regarded as very probable; but it is by no means impossible that the affiant may have served Moore in Milwaukee and *Davis* at Chicago or some other place out of the state on the same day, in which case no jurisdiction whatever would have been acquired as to *Davis*. The practice of allowing process to be served by persons other than an officer of the law or his deputy, acting under oath, is a relaxation of the common law rule, and no presumption is to be indulged in such cases upon facts which are not wholly inconsistent with any other hypothesis than that the service was legally and properly made.

I think the reversal of this judgment not in conflict with my views in the cases of *K—— v. H——* and *Robbins v. Deverill*, decided at the last term [*ante*, pp. 239 and 142]. Not having been served with process, the appellant had no opportunity of appearing or making objection before the judgment was rendered, and consequently cannot be said to have waived anything. It is true he might have moved the court below to set aside the judgment for want of jurisdiction, and it would have been done. *Ætna Insurance Co. v. McCormick*, [*ante*, p. 265], and *Wetherbee v. Wetherbee*, decided at the present term. This, in general, would be the better practice, as it expedites the remedy and saves expense. Still, as the practice of reversing such judgments on appeal is well settled, I do not think he can be considered to have waived his remedy in that form, by not having resorted to the other remedy by motion.

*By the Court.*—Judgment reversed.