## NORTHRUP vs. SHEPHARD, impleaded, etc.

*Jurisdiction — Service of summons — Amendment of sheriff's return — Practice as to motions.*

1. Where the sheriff's return shows service of summons by copy left at defendant's residence with a person of suitable age, etc., but not that defendant himself was *not found,* it does not show that jurisdiction was obtained of his person.
2. The judgment in such a case may be set aside on defendant's motion.
3. The sheriff should, however, be permitted, on plaintiff's motion, to amend his return so as to show due service, and the motion to set aside should then be denied.

4. Where one of several defendants moves generally to set aside "the judgment in the action," it should still be set aside *as to him*, if he is otherwise entitled to that relief.

APPEAL from the Circuit Court for *Rock* County.

This was a motion to set aside a judgment by default. The grounds of the motion are stated in the opinion.

*Todd & Converse*, for appellant.

*Noggle & Castle*, for respondent.

PAINE, J.   According to the rule that has been established by the decisions of this court, the record in the court below did not show any jurisdiction of the defendant *Shephard*. The return of the sheriff showed service only by leaving a copy of the summons at *Shephard's* residence, with a person of suitable age and discretion, but did not show that *Shephard* himself was not found, in which case only is the service made a legal one. *Knox v. Miller*, 18 Wis. 397.

The judgment was therefore irregular and unwarranted on the face of the record, and the defendant was entitled to have it set aside, on motion, for such irregularity.

It is very probable that the sheriff might have amended his return in accordance with the fact, so as to have shown a good service. If such an offer had been made, the court should have allowed the amendment, and then have denied the motion to set aside the judgment. But without such an amendment, the motion should have been granted.

The motion was made by the defendant *Shephard* alone. Its plain object was, to set aside the judgment as against him. And the fact that the language was general, asking to set aside " the judgment in the action," is no reason why he was not entitled to have it set aside as to him. A party by asking too much does not preclude himself from obtaining that to which he shows himself entitled.

*By the Court.* — The order appealed from is reversed, with costs, and the cause remanded for further proceedings.