## MATTESON vs. SMITH and others.

**SERVICE OF SUMMONS.**  (1, 2) *Proof of, under rule of court, when by other than sheriff. Requisites of affidavit of.*

1. Under rule 41, C. C. Rules, where the summons is served by any other person than the sheriff, the affidavit of service is insufficient if it does not state that a copy was *left with* (as well as delivered *to*) the defendant.
2. In case of service by leaving a copy of the summons with one of defendant's family, the return must show that the person making the service could not find the defendant himself.

APPEAL from the Circuit Court for *Clark* County.

*R. J. McBride*, for appellant.

*Boland & Matteson*, for respondent.

LYON, J.  This appeal is from a judgment for the foreclosure of a mortgage executed by the defendant *Smith*. The defendants *Rice and wife* are subsequent incumbrancers of the mortgaged premises. Neither defendant made appearance in the action. The summons was served by a person not an officer, and the affidavit of service is, that on a day and at a place therein named, the affiant served the summons and complaint, "personally on *E. J. Rice* and *Naomi Rice*, to him personally known, by handing each of said defendants, at their residence, a true copy thereof;" and on the defendant *Smith*, " by leaving a true copy thereof with his wife, at his residence, at his last and usual place of abode,  *  *  *  who was informed of the contents thereof, she being a member of his family and a person of suitable age."

Disregarding other alleged defects in the service, the return fails to show that a copy of the summons was left with either of the defendants *Rice*, or that the defendant *Smith* was not found.

Rule 41 of the circuit court provides that where the service of the summons shall be made by any other person than the sheriff, it shall be necessary for such person to state in his affi-

davit of service, *inter alia*, whether he left with the defendant a copy of the summons, as well as delivered it to him.    This rule, which directs the manner in which proof of service by a person other than the sheriff shall be made, has the force of a statute; and in *Sayles v. Davis*, 20 Wis., 302, a judgment by default was reversed for failure to comply with it.    The record fails to show, therefore, that the court obtained jurisdiction to render judgment against the defendants *Rice.*

Neither did the court acquire jurisdiction of the defendant *Smith.*    Before a service made upon him by leaving a copy of the summons with one of his family can be held valid, it must affirmatively appear from the return that the person making the service could not find him.    *Knox v. Miller*, 18 Wis., 397.    See also *Pollard v. Wegener*, 13 Wis., 569; *Northrup v. Shephard*, 23 id., 513.

*By the Court.* — Judgment reversed.