Hall vs. Graham.

HALL VS. GRAHAM.

49 553
f106 609

*May 17 — May 27, 1880.*

*Jurisdiction: Proof of service: Amendment of return.*

Where the affidavit of the person by whom the summons was served (other than the sheriff) fails to state that a copy of the summons was *left with* (as well as delivered to) the defendant (R. S., sec. 2642), the circuit court has no jurisdiction to render a judgment as upon default; and an amendment of the return after an appeal is taken, will not cure the defect.

APPEAL from the Circuit Court for *Grant* County.

The verified complaint in this case alleges that defendant was indebted to plaintiff in the sum of $490.40, "balance due upon a·mutual and open account current;" and. demands judgment against him for that amount with interest thereon from January 1, 1879, and for costs, etc. Annexed ·to the complaint on file is the summons in due form, except that the sum for which judgment would be taken (exclusive of interest and costs) was left blank, and that the post-office address of the attorney subscribing it was not given. Upon the summons is indorsed an affidavit of "Samuel Morris, Constable." which states that on the 14th of January, 1879, the affiant "served the within summons and complaint on the defendant within named, by delivering to him personally a true and correct copy thereof, at Potosi in said Grant county," and that the affiant personally knew the said *Graham* to be the defendant therein named. On the 11th of February, 1879, plaintiff's attorney filed an affidavit of no answer or appearance by the defendant. Thereupon it was referred to the clerk of the court to take proof of the plaintiff's demand; and upon the coming in of his report the court rendered judgment for the plaintiff as demanded. Defendant appealed from the judgment.

The cause was submitted on the brief of *Barber & Clementson* for the appellant, and that of *J. W. Seaton,* as attorney, with *Bushnell, Clark & Watson,* of counsel, for the respondent.

For the appellant it was contended, 1. That the summons was not a substantial compliance with the statute, and the court could not obtain jurisdiction by means of it. 26 Wis., 391–3. 2. That the affidavit of service was insufficient, and for that reason the record failed to show jurisdiction to render the judgment. R. S., sec. 2642, subds. 1, 2; *Matteson v. Smith,* 37 Wis., 333. Even if there was service in fact, it was irregular to take judgment by default before making the service appear to the court by a proper return. R. S., sec. 2891, subds. 1, 2. 3. That it was too late to amend the return after an appeal taken. Amendments to the record can be made only by the court below, and on due notice. 39 Wis., 367; 5 id., 386; 82 Ill., 298; 69 id., 22; 57 id., 230. Such an amendment can be made only to conform the record to the facts that were before the court below. By way of amendment after appeal, a party cannot be permitted to supply a defect in proof, or a return that should have been before the court prior to judgment, but was not.

For the respondent it was argued, 1. That the summons was in substantial compliance with the statute; and that plaintiff should be permitted to amend it if it was slightly defective. Sec. 2830, R. S. 2. That if the proof of service was originally defective, that defect was supplied by the additional return from the circuit court.

ORTON, J. The circuit court had no jurisdiction to render the judgment appealed from, because there was before the court no such proof of the service of the summons as the statute requires. Subd. 2, sec. 2642, R. S.; *Matteson v. Smith et al.,* 37 Wis., 333. The affidavit of the person who is alleged to have served the summons, and which constitutes the

only return of such service, fails to state that a copy of the summons was left with the defendant. The motion papers for an amended return were submitted after the decision of this case; but it was too late to make such an amendment of the record as would cure the error, after the appeal. The defect was jurisdictional, and could not be cured. Proof of service of the summons is a condition precedent or prerequisite to the rendition of a judgment by default.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause remanded for further proceedings according to law.