## JOHNSON VS. CURTIS.

*March 9 — March 24, 1881.*

PRACTICE. *(1)* COSTS: *Notice of taxation of costs held insufficient.* *(2)* APPEAL *lies from order refusing to vacate judgment.*

1. Where the notice of taxation of costs was not accompanied by an itemized bill of costs, and was not served upon either the party or his attorney in person, and the affidavit of service merely states that it was left "with a person then in charge" of such attorney's office, without giving his name or stating whether it was his clerk, or whether the attorney himself was absent: *Held,* that there was no sufficient notice, and the taxation made in the absence of such party and his attorney, and the judgment which included the costs so taxed, should have been set aside on motion seasonably made.
2. An appeal will lie directly from the order denying such motion. *McHugh v. Railway Co.,* 41 Wis., 79, and other cases in this court, distinguished.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff obtained a judgment in justice's court against the defendant for $35.60, including costs. When the cause was reached for trial on appeal, June 4, 1880, the plaintiff discontinued his action, and judgment of nonsuit was ordered, with costs, against the plaintiff. July 9, 1880, the attorney for the defendant caused a notice to be left in the office of J. F. McMullen, attorney of record for the plaintiff at the time, with a person then in charge of said office, who was informed of the contents of said notice. The notice was addressed to Mr. McMullen as such attorney, and signed by the defendant's attorney, and was, in effect, that the costs of defendant would be "settled," and the amount thereof inserted in the entry of judgment, by the clerk of the court, at his office, on July 12, 1880, at 11 o'clock, A. M. No affidavit or statement of costs or disbursements, by items or otherwise, nor any paper of any kind, accompanied said notice; nor is there any claim that any such was ever served on McMullen or the plaintiff. July 12, 1880, there was filed with the clerk the notice above referred to, with an affidavit indorsed thereon containing the facts above

recited; also a statement of items of costs and disbursements, and an affidavit of the attendance of witnesses, both verified on the day of such filing. Said costs, disbursements and witness fees amounted, in the aggregate, to $107.90, and that sum was thereupon inserted in the judgment of dismissal. July 15, 1880, the plaintiff obtained and served upon the defendant's attorney an order requiring him to show cause to the court, July 19, 1880, why, among other things, the taxation of costs in said cause should not be set aside, in whole or in part, and why the judgment entered on such taxation should not also be set aside. This order was based upon an affidavit of the plaintiff to the effect that no notice of taxation, or copy of the proposed bill of costs, was served on him or his attorney, as required by Rule 33 of the circuit court; that his attorney of record, Mr. McMullen, had left Milwaukee July 3, 1880, and had not returned on the 15th of that month; that the plaintiff did not know of such taxation, and no one appeared thereat on his behalf; and that the amount of costs inserted in the judgment was greatly in excess of the amount to which the defendant was entitled; and it also referred to the records and papers upon which such taxation was based. A copy of the affidavit was served on the defendant's attorney, with said order to show cause, July 15, 1880, as required therein.

After a hearing, the court made an order denying the motion, and confirming the assessment of costs made by the clerk. From that order the plaintiff appealed.

For the appellant there was a brief by *Geo. W. & Chas. W. Lakin*, and oral argument by *Geo. W. Lakin*.

*J. V. V. Platto*, for the respondent.

CASSODAY, J. All bills of costs and disbursements to be taxed in any action or proceeding are required to be itemized and made out in a plain and legible manner, and notice of the time and place of such taxation is required to be given at least

three days prior to taxing the same; and the notice so given must be accompanied with a copy of the proposed bill. Section 1, Rule 33 of the circuit court. Here the notice given was not accompanied with a copy of the proposed bill of costs or disbursements to be taxed, itemized or otherwise. The failure to serve any such proposed bill was in direct violation of the rule. The obvious purpose of the notice is to give the opposite party three days within which to investigate and ascertain whether the several items mentioned in the proposed bill of costs and disbursements are respectively correct, and, if not, he is required to file in writing with the clerk a particular statement of his objection to any particular item or items. Section 2, Rule 33. The itemized bill, therefore, is the very substance of the notice required. It is the "bills of costs and disbursements" so served which are "to be taxed," and it is "notice of the time and place of such taxation" that is required to "be given at least three days prior to taxing the same." Here there was no such notice of taxation, and hence there could be no objection as required by the rule. The only notice was, that the costs would be "settled" and "inserted in the entry of judgment." The affidavit of service of the notice fails to state whether the person with whom it was left in McMullen's office was his clerk, or whether it was during McMullen's absence from his office. It does state that it was left "with a person then in charge of said office;" but this would seem to be a mere conclusion of the person making the affidavit. By naming the person the fact would appear, and, if incorrect, might be controverted. The statute only authorizes substituted service upon the attorney "during his absence from his office." Section 2820, R. S.

Notice, in all legal proceedings, is, of course, of the essence of things, and it has often been held that where the statute or rules of court have provided for a substituted notice, the requirement of the statute or rule must be strictly complied with. *Sayles v. Davis*, 20 Wis., 302; *Northrup v. Shephard*, 23 Wis., 513; *Matteson v. Smith*, 37 Wis., 333. We must

hold, therefore, that there was no notice of taxation served, and no regular taxation had. It is urged by counsel that the order appealed from is an interlocutory order, not appealable, and only to be reviewed upon an appeal from the judgment; and in support of this theory we are referred to *Ernst v. Steamer Brooklyn*, 24 Wis., 616; *Am. Button-Hole Co. v. Gurnee*, 38 Wis., 533; and *McHugh v. R'y Co.*, 41 Wis., 79. It is true, this court has frequently held that the judgment is not deemed perfected until the costs are taxed and included in it, and therefore, for the purpose of review, the order on retaxation must be taken to have been made before the judgment was complete. But an examination of each of the cases cited will disclose the fact that the party had notice of the taxation, and objected, or might have objected, to the objectionable items included in the taxation, and excepted, or might have excepted, to the order made on the retaxation, and hence, unless he had waived his right, could take advantage of the error in the taxation on an appeal from the judgment. Here there was no appearance, and hence no objection. An appeal from that portion of the judgment, therefore, would not bring up the question for review. In *Cord v. Southwell*, 15 Wis., 216, Judge DIXON said: "We cannot review the taxation, for the reason that it was not brought to the attention of the court below." The reason of this rule is obvious. Where the clerk has inserted an amount for costs in the entry of judgment without the sanction of the court, it is requisite that the court should pass upon it before having it reviewed as the judgment of the court. Here there was no other way to bring the question of the amount of costs and disbursements, which had been irregularly inserted in the judgment, to the attention of the trial court, except by motion to set aside and vacate that part of the judgment entered on such erroneous taxation.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to enter an order vacating that part of the judgment fixing the amount of costs and disbursements.