## WEIS vs. SCHOERNER AND WIFE.

*September 7 — September 27, 1881.*

*(1) Affidavit of service of summons. (2) Proceedings after judgment not considered on appeal from judgment.*

1. Where the affidavit of service of the summons by a person other than the sheriff, fails to state the *place* of service (R. S., sec. 2642, subd. 2), the court acquires no jurisdiction to render judgment by default against the defendant.

2. A claim that in proceedings after judgment defendants waived a defect in the affidavit of service by appearing generally in the action, is of no avail on appeal from the judgment, as such appeal does not bring up for review proceedings subsequent to judgment.

APPEAL from the Circuit Court for *Milwaukee* County.

Action against *Adam Schoerner and wife* to foreclose a mortgage executed by them to the plaintiff, on a certain lot in the city of Milwaukee, to secure the payment of a note made by the defendant *Adam* to the plaintiff. The only proof of service of the summons upon the defendants found in the record, is the following affidavit: "State of Wisconsin, Milwaukee County — ss.: Oscar J. Fiebing, being duly sworn, on oath deposes and says that he made due service of the complaint and summons in the within action upon *Adam Schoerner* the 13th day of August, 1879, and on the 12th day of August, 1879, upon *Maria Schoerner*, by delivering to and leaving with them true

Weis vs. Schoerner and Wife.

copies thereof, whom I knew to be the identical persons named within as the defendants, and also that no answer or demurrer or any other paper or notice of appearance has been served upon me in this action. OSCAR J. FIEBING." A proper *jurat* is annexed to the affidavit. The defendants made no appearance to the action before judgment, and, on proof of their default, judgment of foreclosure was entered against them, as prayed in the complaint. The defendants appealed from the judgment.

The cause was submitted for the appellants on briefs of *Geo. W. & Chas. W. Lakin.*

For the respondent there was a brief by *Oscar J. Fiebing,* his attorney, with *S. W. Granger,* of counsel, and oral argument by *Mr. Granger.*

LYON, J. The affidavit of service of the summons upon the defendants fails to state the *place* of service, as required by the statute. R. S., 723, sec. 2642, subd. 2. Because of this omission the circuit court had no jurisdiction to render judgment by default against the defendants. *Sayles v. Davis,* 20 Wis., 302; *Matteson v. Smith,* 37 Wis., 333; *Hall v. Graham,* 49 Wis., 553. It is claimed, however, on behalf of the plaintiff, that in certain proceedings taken on behalf of the defendants, after a sale of the mortgaged premises pursuant to the judgment, to stay proceedings on a writ of assistance, the defendants appeared generally in the action, and thus waived the defect in the affidavit of service. The answer to this claim is, that this appeal from the judgment does not bring up for review the proceedings subsequent to judgment. *Latimer v. Morrain,* 43 Wis., 107. Such proceedings can only be reviewed on an appeal from an order made therein.

*By the Court.*— The judgment of the circuit court must be reversed, and the cause will be remanded for further proceedings according to law.