REHMSTEDT vs. BRISCOE.

*October 11 — October 31, 1882.*

REVERSAL OF JUDGMENT. *(1) Defective proof of service of summons.* AMENDMENT OF RECORD. *(2) When motion to amend denied.*

1. Where the proof of service of the summons was not sufficient to give the court jurisdiction of the person of a defendant who did not appear, a judgment against him is erroneous and will be reversed.

2. A motion either to amend the record by permitting the officer making the service to file his amended return in this court, or to remit the record to the court below for the purpose of amendment,.

made after the defendant (who appeared specially and appealed from the judgment), had been compelled to prepare for the argument of the case on the merits, and unaccompanied by any proofs showing that the respondent would lose any substantial right by the reversal of the judgment, is denied.

APPEAL from the Circuit Court for *Grant* County.

The action was for the dissolution of a partnership and for the appointment of a receiver. The material facts are sufficiently stated in the opinion. The defendant appealed, February 17, 1882, from a judgment in favor of the plaintiff. On the 27th of September, 1882, the plaintiff served upon the defendant an affidavit of the officer who made the service of the summons setting forth facts showing a valid and sufficient service thereof, together with notice of a motion by the plaintiff, in this court, for leave to return the record to the circuit court in order to the amendment of the proof of service of the summons in accordance with the facts, or that the officer who made the service be permitted to amend his return thereof in this court.

For the appellant there was a brief by *Bushnell, Clark & Watkins*, and oral argument by *Mr. Watkins*.

*A. W. Bell*, for the respondent, argued, among other things, that if service was actually made that fact, and not the return of the officer, gave the court jurisdiction. *Rickards v. Ladd*, 4 Pacific C. L. J., 52; *Kirkwood v. Reedy*, 10 Kans., 453; *Foreman v. Carter*, 9 id., 674; Freeman on Executions, secs. 358–360; *Palmer v. Thayer*, 28 Conn., 237; *Kitchen v. Reinsky*, 42 Mo., 427; *Morris v. Trustees*, 15 Ill., 266; *Talcott v. Rosenbery*, 8 Abb. Pr. (N. S.), 287. The proposed amendment is in furtherance of justice and to correct the mistakes of the officer. Had a private person attempted to serve the papers a more rigid rule might be applied. R. S., sec. 2830; *Bacon v. Bassett*, 19 Wis., 45; *Sueterlee v. Sir*, 25 id., 357; *Toledo, Peoria & Warsaw Railway Co. v. Butler*, 53 Ill., 323; *National Ins. Co. v. Chamber of Commerce*, 69

id., 22; *Barlow v. Standford*, 82 id., 298; *Muldrow v. Bates*, 5 Mo., 214; *McClure v. Wells*, 46 id., 311.

TAYLOR, J.   This is an appeal from a final judgment entered in favor of the plaintiff against the defendant upon default.   The defendant did not appear or answer in the court below, and the attorneys who appear for him on this appeal expressly state in their notice of retainer to the plaintiff and respondent that they appear solely for the purpose of appealing from the judgment.   The only ground relied upon for the reversal of the judgment is that the record does not show that the court had jurisdiction of the person of the defendant and appellant.   The proof of the service of the summons found in the record is as follows:

" *State of Wisconsin, County of Grant — ss.:*

" I hereby certify and return that I did, on the 2nd day of February, 1878, serve the within summons and complaint on the within named defendant, *Richard Briscoe*, by delivering to and leaving with his wife, Maria Briscoe, a person of suitable age and discretion, to whom I informed the nature and contents thereof, and who was also at the residence of said defendant, *Richard Briscoe*, in said county.

" MATT. BIRCHARD, Sheriff,

" By J. L. REWEY, Deputy Sheriff."

It is clear that this proof of service of the summons was not sufficient to give the court jurisdiction of the person of the defendant, and, in the absence of an appearance in fact by the defendant, a judgment entered by the court against him is erroneous, and must be reversed.   *Matteson v. Smith*, 37 Wis., 333; *Knox v. Miller*, 18 Wis., 397; *Rape v. Heaton*, 9 Wis., 328; *Pollard v. Wegener*, 13 Wis., 569–575; *Northrup v. Shephard*, 23 Wis., 513; *Mecklem v. Blake*, 19 Wis., 397; *Weatherbee v. Weatherbee*, 20 Wis., 499; *Sayles v. Davis*, 20 Wis., 302; *Hall v. Graham*, 49 Wis., 553.   It is unnecessary to cite other authorities to this point, as it is

admitted by the learned counsel for the respondent that upon the face of the record a want of jurisdiction over the person of the defendant clearly appears. But they now propose to cure the defects by an amendment of the record in this court by having the officer who served the summons and complaint amend his return according to the facts, so as to show a legal service, or to have the record remitted to the circuit court for the purpose of having the officer make an amended return there, in order to cure the defects; and for that purpose, when the cause was called for argument in this court, they presented an affidavit of the officer who made the service, showing that he did in fact make a legal service of the summons and complaint upon the defendant, and a willingness on his part to make an amended return showing such legal service.

Although we have no doubt as to the power of this court to permit the withdrawal of the record, to allow the officer to amend his return in the court below in accordance with the facts showing a legal service, and thereby cure the error in the record, and although we have very little doubt as to our power to permit the officer to amend his return in this court so as to cure such defect, we are of the opinion that we ought not to permit either in this case. When the appellant brought his appeal, the record showed a clear and palpable error, for which the judgment rendered against him would be reversed, unless the error be cured by the amendment now sought to be made. There is nothing in the case which shows that the appellant was cognizant of the fact that a legal service of the summons had in fact been made. It would therefore be clearly wrong to permit an amendment of the record which would cure the defect, and cause an affirmance of the judgment, and charge him with the costs of the appeal. If the amendment had been made in the court below before an appeal had been taken, it is fair to presume that none would have been taken; or if an amend-

ment had been made in the court below after the appeal
taken, and before the record had been returned to this court;
or if, after the record had been returned here and before the
cause had been set down for argument, a timely motion had
been made to remit the record for amendment, or for an
amendment of the record in this court, the motion would
have been granted, with leave to the appellant to dismiss
his appeal after the amendment was made, with such condi-
tions as to costs as would be just, as was done by this court
in the case of *Sueterlee v. Sir*, 25 Wis., 357, 358.

The motion to amend here comes after the appellant has
been compelled to prepare for the argument of the case on
its merits, and if granted and an amendment should be made
which would compel an affirmance of the judgment, we
would be compelled, we think, to grant the leave to amend,.
upon the condition that if the appellant so elected he might,
after the amendment was made, dismiss his appeal with
costs against the respondent. The motion granted with
such a condition would be of no practical value to the re-
spondent. If the judgment is reversed, as it must be if the
amendment be not made, the appellant recovers nothing but,
his costs of the appeal. The reversal does not give him any
standing in the case in the court below, and immediately
upon the return of the record the respondent can have the
sheriff's return amended and re-enter his judgment, unless
in the meantime the appellant can excuse his default and be
let in to defend, upon a proper application to the court.
below. See *Sayles v. Davis*, 22 Wis., 226, where the prac-
tice above indicated was approved by this court. Had the
application for leave to amend been accompanied with
proofs showing that the respondent would lose any substan-
tial right by the reversal of the judgment, it is probable the
court would have permitted the amendment, even at the late
stage of the proceedings at which the application was made,.
in order to save the rights of the plaintiff.

For the reasons above stated we deny the motion to amend the record, either by permitting the officer to file his amended return in this court, or to remit the record to the court below for the purpose of amendment in that court. For the error appearing in the record, the judgment of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— It is so ordered.