## WAIT VS. SHERMAN.

*September 6 — September 23, 1884.*

*(1) Transcript of justice's judgment: Striking out on affidavit. (2) Amendment of return of service of summons.*

1. The circuit court should not, *upon a mere affidavit* of the defendant (although it purports to contain copies of the summons, return, docket entries, and judgment), strike from its records the transcript and docket of a justice's judgment, upon the ground that the justice did not, by proper service of the summons, acquire jurisdiction,— especially where it appears by counter affidavits that the summons was in fact properly served, and that the judgment is just and equitable.
2. The return of the officer serving the summons may be amended after judgment.

APPEAL from the Circuit Court for *Portage* County.

December 11, 1875, the plaintiff recovered judgment before a justice of the peace against the defendant, for $40.17 and costs, and on the 20th day of the same month presented a transcript thereof, made by the justice in the form prescribed by the statute, to the clerk of the circuit court of the proper county, who forthwith filed the same in his office and docketed such judgment as required by law. R. S. 1858, ch. 120, secs. 170–174.

On December 13, 1883, the circuit judge granted an order on the plaintiff to show cause to the court, at a time and place therein specified, why the transcript and docket of such judgment should not be stricken from the records of

the court, and an execution recalled which had theretofore been issued on the judgment by leave of court. The ground alleged for such relief is that the judgment rendered by the justice is void for want of jurisdiction in the justice to render it. The facts stated in the motion· papers are sufficiently referred to in the opinion.

The court denied the motion, and the defendant appeals from the order in that behalf.

The cause was submitted for the appellant on the brief of *Jones & Sanborn*, and for the respondent on that of *John F. Dufur*.

LYON, J. One of the motion papers is an affidavit made by the defendant, which purports to contain copies of the summons, return, docket entries, and judgment in the action before the justice. The claim of defendant is that he did not appear in the action, and that the return of service of the summons failed to give the justice jurisdiction to enter judgment against him. There is no other evidence of the proceedings before the justice.

In any view of the case, this evidence is entirely insufficient to authorize the circuit court to adjudicate that the judgment is void. The granting of the motion would have been such an adjudication. Before the court could properly do so, it should have before it the record of the proceedings in the action before the justice, or, at least, a copy thereof, duly certified by the justice having the legal custody of the original. It would be very dangerous practice to allow the solemn judgments of courts, entered in due form, to be set aside and held for naught on the mere affidavit of a party that something occurred in the action before judgment which would, if true, invalidate it.

On the hearing of the motion several affidavits were read on behalf of the plaintiff in opposition thereto. These show conclusively that the summons was served as required

by law. Under the decisions of this court the return is amendable. *Northrup v. Shephard*, 23 Wis. 513. They also show, by an overwhelming preponderance of proof, that the judgment is just and equitable. With such proof in the record the defendant must be held to very strict rules if he would avoid the judgment. The validity of the judgment is assailed and defended by affidavits only — the record being absent — and the defense is more than sufficient to repel the attack. We think the circuit court .properly denied the motion.

*By the Court.*— Order affirmed.