McConkey and others, Respondents, vs. McCraney, Appellant.

*April 3 — April 17, 1888.*

*(1) Service of summons. (2) Judgment by default: Entry by clerk out of term.*

1. Leaving a summons with defendant's foreman and informing him of the contents thereof, where such foreman is not a member of defendant's family nor at his usual place of abode, is not a valid service under subd. 4, sec. 2636, R. S.

2. The clerk has no power under sec. 2891, R. S., to enter judgment out of term when the process is not personally served on defendant.

APPEAL from the Circuit Court for *Marinette* County.

The following statement of the case was prepared by Mr. Justice TAYLOR:

The respondents commenced an action in the circuit court of Marinette county to recover upon contract. A summons was issued, and placed in the hands of the sheriff of said county, and he made the following return of service thereon:

"*State of Wisconsin, Marinette County:* I hereby certify that on the 25th day of October, 1887, at the town of Peshtigo, in said county, after diligent search and inquiry,

I have been unable to find the within-named defendant, *D. M. McCraney*, within my county, and thereupon I duly served the within summons and complaint by delivery to and leaving with Anthony Renner, personally, a true copy of summons and complaint thereof, who was then and there known to be the foreman of said defendant, he being a person of suitable age and discretion, to whom I explained the contents thereof.

" Services, $1.

" Copy (7 folios), $1.

——

" $2.      PATRICK CLIFFORD, Sheriff."

The defendant did not appear in the action, and on the 17th day of October, 1887, the plaintiff applied to the clerk of the circuit court for judgment, and took judgment by default against the defendant for the amount claimed in his complaint, and $166 costs. From this judgment the defendant appeals to this court, and alleges as error that it appears on the face of the record that the court did not have jurisdiction of the person of the defendant. The respondents have not submitted a brief upon this appeal.

For the appellant the cause was submitted on the brief of *B. F. Simpson* and *Eastman, Scudder & Mountain*.

[No appearance for the respondents.]

PER CURIAM: It is clear that the service of the summons and complaint, as shown by the record, was a void service. The sheriff failed entirely to ·serve the papers as required by subd. 4, sec. 2636, R. S., when the defendant cannot be found. It is equally clear that the clerk had no authority to enter judgment out of term, had the service been made as required by said section. See sec. 2891, R. S. That the service was void and gave the court no jurisdiction of the person of the defendant, see *Weis v. Schoerner*, 53 Wis. 72; *Hall v. Graham*, 49 Wis. 553; *Matteson v. Smith*, 37 Wis.

333; *Sayles v. Davis*, 20 Wis. 302; *Pollard v. Wegener*, 13 Wis. 569. That the clerk has no power to enter judgment out of term when the process is not personally served on the defendant, see *Northrup v. Shephard*, 26 Wis. 220; *Moyer v. Cook*, 12 Wis. 335; *Morrison v. Austin*, 14 Wis. 601; *Northrup v. Shephard*, 23 Wis. 513.

The judgment of the circuit court is reversed, and the cause is remanded.