Zimmerman vs. Gerdes.

ZIMMERMAN, Respondent, vs. GERDES, Appellant.

*April 7 — April 27, 1900.*

*Service of summons: Proof: Judgment by default: Jurisdiction: General appearance: Appeal.*

1. Personal service of a summons, in order to give jurisdiction of the person, must be made within the state; and the fact that service was so made is an essential element of the proof of service required for the entry of judgment upon default under sec. 2891, Stats. 1898.

2. A judgment taken by default without jurisdiction over the person of the defendant and in defiance of sec. 2891, Stats. 1898, will be reversed on appeal, notwithstanding the appeal was a general one from the whole judgment. *Dikeman v. Struck*, 76 Wis. 332, so far as it holds to the contrary, overruled.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

Appeal by the defendant from judgment of foreclosure taken against him upon default, the error alleged being that the judgment was entered without jurisdiction. The proof of service was an affidavit by one John Pugh — not an officer — that at a proper date he served the summons and complaint upon the appellant by delivering to and leaving with him copies, which affidavit, however, wholly failed to state where the service was made. No appearance was made by the appellant, unless by serving a general notice

that he appealed from the judgment against him and from the whole and every part thereof.

The cause was submitted for the appellant on briefs by *Bump, Kreutzer & Rosenberry* and *Roehr & Dierks*, and for the respondent on the brief of *Palmer & Gittings*.

DODGE, J. The default judgment was, under numerous decisions by this court, rendered without jurisdiction. Personal service, in order to give jurisdiction, must be made within the state of Wisconsin, and the fact that service was so made is an essential element of the proof of service required for the entry of judgments by default by sec. 2891, Stats. 1898. *Sayles v. Davis*, 20 Wis. 302; *Weis v. Schoerner*, 53 Wis. 72.

The respondent contends, however, that inasmuch as the defect is merely one of jurisdiction over the person of the defendant it can be waived by him, and that his general appeal from the judgment so waives, constituting a general appearance, and a submission to jurisdiction over his person, which relates back and cures any lack thereof which might have existed at the time of entering judgment, so that the judgment cannot upon such appeal be reversed merely on the ground of defects either in the service or in the proof thereof. The question thus raised must be disposed of upon the weight of authority in this court. It has been the subject of decision very many times since 1864 or earlier, and is no longer open to discussion as an original one. *Knox v. Miller*, 18 Wis. 397; *Sayles v. Davis, supra; Matteson v. Smith*, 37 Wis. 333; *Hall v. Graham*, 49 Wis. 553; *Weis v. Schoerner, supra; Rehmstedt v. Briscoe*, 55 Wis. 616; *Wilkinson v. Bayley*, 71 Wis. 131; *McConkey v. McCraney*, 71 Wis. 576; *Dikeman v. Struck*, 76 Wis. 332. In all of these cases except the last it is held that a default judgment will be reversed on appeal by a defendant as to whom the record fails to present proof of service. Not always is it made entirely clear whether the reason of the reversal is absence of all jurisdiction over

the person of the defendant or error in rendering judgment without the proof of service expressly required by the statute, nor need we in this case, where no offer has been made to amend the proof of service, consider which is the true ground of reversal,— whether, indeed, either or both may not be fatal. *Likens v. McCormick*, 39 Wis. 313, 316; *McConkey v. McCraney*, 71 Wis. 576. As early as *Sayles v. Davis*, 20 Wis. 302, this court, speaking of the practice, by DIXON, C. J., said: "It is true he might have moved the court below to set aside the judgment for want of jurisdiction, and it would have been done. . . . This, in general, would be the better practice, as it expedites the remedy and saves expense. Still, as the practice of reversing such judgments on appeal is well settled, I do not think he can be held to have waived his remedy in that form by not having resorted to the other remedy by motion." In that case the appeal was from the whole judgment, and the appellant attacked it on the merits, as well as for want of the "jurisdiction" to enter any judgment.

The practice so declared settled in that case has been followed through the line of cases above cited, and not without considering the effect of a general appeal to supply the defects of the proof of service. That question we find was raised by respondents' briefs in *Weis v. Schoerner*, 53 Wis. 72, and *Rehmstedt v. Briscoe*, 55 Wis. 616, and in the former the appellant attacked the judgment not only for absence of proof of service, but also because not supported by the complaint. In neither opinion is the question discussed, but the judgments were reversed nevertheless. At the end of this line of decisions comes *Dikeman v. Struck*, 76 Wis. 332, where, without reference to any of them, a different conclusion was reached, and reversal was refused on the ground that by appealing generally the defendant had conferred jurisdiction over his person. An examination of the briefs in that case discloses that appellant's attorney wholly omitted

to bring any of these authorities to the notice of the court, and wholly failed to suggest the second ground of reversal stated in *McConkey v. McCraney*, namely, that the judgment was erroneous for want of the statutory prerequisite of proof of service, even though jurisdiction in fact existed. It is inconceivable, therefore, that this court intended in that case to overturn so well-established a practice or to overrule so numerous and consistent a line of its own decisions. The subject obviously was not considered, and we feel bound to adhere to the general current of authority, and to hold that so far as *Dikeman v. Struck* conflicts with them it must be overruled.

Upon the face of the record, the judgment appealed from was without jurisdiction and in defiance of sec. 2891, Stats. 1898, and must be reversed.

*By the Court.*— Judgment reversed, and cause remanded for further proceedings according to law.