ELECTRIC APPLIANCE COMPANY, Respondent, vs. WARREN, Appellant.

*September 26—October 21, 1902.*

*Judgment by default: Power of clerk: Personal service: General appearance: Appeal.*

The clerk has no power to enter judgment out of term, under sec. 2891, Stats. 1898, unless the process was personally served upon the defendant, i. e., delivered to him personally; and this dis-

ability of the clerk is not waived by a general appeal by defend-
ant from the whole of the judgment or by an attack, in the
appellate court, upon the merits of the judgment.

APPEAL from a judgment of the circuit court for Taylor
county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Appeal from a judgment upon several promissory notes,
taken by default before the clerk. Service upon defendant
was attempted to be made by leaving a copy of the summons
and complaint with the defendant's wife, but the proof fails
to show that the defendant could not be found. No appear-
ance was made by the defendant, unless taking an appeal
from the whole and every part of the judgment and serving
a general notice of appeal was such appearance.

*John B. Hagarty,* for the appellant.

For the respondent there was a brief by *Schweppe &
Urquhart,* and oral argument by *E. H. Schweppe.*

BARDEEN, J. It is conceded that the proof of service of
the summons and complaint in this action is insufficient. In
*Moyer v. Coc`,* 12 Wis. 335, this court held that the words
"personal service," in a statute similar to subd. 1, sec. 2891,
Stats. 1898, meant delivery of the papers served to the de-
fendant personally. In *McConkey v. McCraney,* 71 Wis.
576, 37 N. W. 822, the rule established by former decisions
of this court, there cited, was affirmed,—that the clerk had
no power, under sec. 2891, to enter judgment out of term,
when the process had not been personally served upon the de-
fendant. The cases on this subject were reviewed in the late
case of *Zimmerman v. Gerdes,* 106 Wis. 608, 82 N. W. 532,
where it was held that a judgment taken by defendant under
the statute mentioned, without jurisdiction over the person,
would be reversed on appeal, notwithstanding the appeal was
a general one from the whole judgment. This is decisive of
this appeal. The clerk had no power to enter judgment out
of term when the process was not personally served upon the

defendant, and this disability is not waived by a general appeal, or by an attack upon the merits of the judgment in this court.

*By the Court.*—The judgment is reversed, and the cause is remanded for further proceedings according to law.