## DUNDON VS. STARIN.

Under sec 17, ch. 131, R. S., on an appeal from a judgment rendered upon an award of arbitrators, certified copies of the original affidavits upon which any application in relation to such award was founded, and of all other affidavits and papers relating to such application, form a part of the judgment roll.

Where a motion to confirm an award was founded on the written submission, the report of the arbitrators, the papers thereto annexed, the minutes of the testimony taken by the arbitrators, and other papers relating thereto filed in the circuit court, and a cross motion to vacate the award was founded on certain affidavits, and the motions were heard together, and the award confirmed: *Held*, on appeal from the judgment, that all the affidavits and other papers used on the hearing of the two motions (including the minutes of evidence) were properly before this court without a bill of exceptions.

Arbitrators cannot award to either party his costs and disbursements in the trial before them, unless expressly authorized so to do by the terms of the submission.

A judgment upon an award is reversed in this case on the ground that the award was not definite and final on the subject matter.

APPEAL from the Circuit Court for *Walworth* County.

In 1861, the plaintiff, as landlord, and the defendant, as tenant, entered into a contract for the cultivation of a farm in said county, and the division of the products thereof. In December, 1863, they executed a written instrument submitting to the arbitration of three persons therein named controversies, claims and demands then existing between them, and stipulating that judgment should be rendered in said circuit court upon the award of said arbitrators or any two of them. In February, 1864, the award of two of the arbitrators was filed in said court, which was in substance as follows: 1. That on the "private and personal account" between the parties, there was due from *Starin* to *Dundon* a balance of $125.96. 2. That, on &c., *Starin* wrongfully took from the possession of *Dundon*, and converted to his own use, sixteen head of cattle, a quantity of hay, grain, butter and other personal property, of the value of $726, one half of which belonged to *Starin* and the other half to *Dundon*, and there was due on that account from the former to the latter $363; and that the gross amount awarded to be paid forthwith by *Starin* to *Dundon* was

$488.96, "besides all proper costs and disbursements of the trial before said arbitrators to be taxed, including the fees of arbitrators, and rental of room to try said cause in." On the 10th of March, 1864, *Dundon* gave notice to *Starin* that he would move said circuit court, on the 21st of that month, for judgment for said sum of $488.96, "besides the costs of said arbitration, to be taxed." The papers on which this motion was founded are mentioned in the opinion of the court. On the 12th of March, *Starin* notified *Dundon* that he would apply to the court on said 21st day of March for an order vacating the award, the motion being founded upon the agreement for a submission and upon the affidavits of said *Starin* and of one Smith, who was one of the arbitrators, but had refused to sign the award. One of the grounds of the motion, as mentioned in the notice, was, that the arbitrators so imperfectly executed their powers in making said award, that a mutual, final and definite award on the subject matters submitted to them was not made. The affidavit of *Starin* states, among other things, "that he laid before said arbitrators the full particulars of his claims against said *Dundon*, in writing, which instrument was retained by said arbitrators, and by them and said *Dundon* has been filed in the office of the clerk of said court; that every claim, demand and account of every name or character which affiant had against *Dundon* was brought to the notice of the arbitrators by affiant, and proof made before them, on the hearing, of each and every one of the items of his demands against *Dundon*; that among other disputes which affiant had with said *Dundon*, were several growing out of" the lease above mentioned; "that under said lease affiant was entitled to one-half of all the products of the farm mentioned therein, of every kind and character; that said lease was produced before the arbitrators on the hearing, and affiant's claim to one-half of the products distinctly laid before them; that among other disputes between the parties was one in relation to the division of the products raised and kept upon said farm;" that

affiant had removed, in October, 1863, from said farm, a certain quantity of specified articles which had been raised by *Dundon* on the farm, and, on the hearing, had accounted fully for all he had taken away; that on said hearing it was proven by affiant and conceded by *Dundon*, that when affiant removed said articles and said cattle, he left upon the farm in the possession of *Dundon*, about twenty tons of hay and other specified property, of the value of $242, which was raised upon the farm by *Dundon*, and in which affiant had a half interest under the lease; that the arbitrators had refused to allow affiant his interest in said property in making their award, and that the two who signed the award had subsequently informed him that they intended he should seek for his interest in said property under the lease; and that by this action one of the chief disputes between the parties had been left unsettled. The affidavit of Smith was of the same tenor as that of *Starin*.

In opposition to *Starin's* motion there were read affidavits of the plaintiff, N. S. Murphy, Esq., and each of the two arbitrators who signed the award. Plaintiff's affidavit states that in October, 1863, *Starin* took away all stock and produce on said farm except certain specified property of the value of $104; that there never has been any controversy or dispute between affiant and *Starin* about the division of or settlement for the property so left; that *Starin* never requested a division thereof, nor demanded possession, nor had any conversation with him on the subject; that affiant offered no proof on the hearing before the arbitrators as to the value of said property, nor did *Starin*, unless it was embodied in a manuscript of thirty-eight pages presented by said *Starin* on the hearing, which was so complicated and voluminous that neither affiant nor his counsel could understand it; that the matter of said property was not submitted to arbitration, nor was the same arbitrated; but affiant is ready, and has often told *Starin* that he was ready and willing, to make a fair division of said property without litigation or further trouble, &c.—The affidavit of

Mr. Murphy states that he was attorney for *Dundon* on the trial of said arbitration; that it was distinctly understood and expressed between *Starin* and affiant before the submission was signed, that *Dundon* wished to remain in possession of the farm under the lease, and to litigate only such matters of difference as then existed between them; that affiant did not understand that there was any difference pending between the parties in regard to the property left on the farm, and does not understand that any proof was offered at the hearing about any such controversy; that *Starin* produced on said hearing a manuscript account of over thirty pages, which affiant did not have any opportunity to see except in court during the arbitration trial, and was unable to bestow time upon its examination sufficient to understand it; that said manuscript may or may not have contained something on the subject of the property left on said farm, but it was not understood that the question of damages for the detention of the same was before the court.—The affidavits of the two concurring arbitrators state, in substance, that it was incidentally stated on the hearing that *Starin* did not take quite all the stock and property from *Dundon*, but the amount left was not proven, and affiants did not understand that any controversy was pending between the parties in regard to it; that *Starin* did not demand at the hearing that the arbitrators pass on the matter of said property; and that any proof of the amount so left that was admitted, was admitted merely for the purpose of showing the amount of the property *taken away* from the farm by *Starin*.

In the manuscript account presented by *Starin* to the arbitrators, and referred to in the above affidavits, *Dundon* appears to have been charged with the property left on the farm. In the minutes of evidence filed with the award, there is some evidence on each side as to the amount and value of the property so left.

The motion for judgment, and that to vacate the award, were heard at the same time, and were disposed of in one opinion

and order. The award was confirmed, and judgment thereon ordered in favor of said plaintiff for said sum of $488.96, "together with his proper costs, disbursements and expenses in and about said arbitration," and costs of the motion to confirm, &c. Judgment accordingly; from which defendant appealed.

*Edson Kellogg*, for appellant.

*N. S. Murphy*, for respondent.

*By the Court*, COLE, J. The motion to vacate the award was met by the counter-motion to confirm it. The latter motion was founded on the written submission, the report made in pursuance thereof in writing by the two arbitrators, the papers thereto annexed, the minutes of the testimony taken by the arbitrators on the trial, and all other papers relating thereto filed in the office of the clerk of the circuit court. Both motions were heard together, and the appeal is from the judgment rendered on the award. Under these circumstances we suppose all the affidavits and testimony used on the hearing of the two motions are before us, and must be considered. It was claimed on the part of the respondent that we could not look into this evidence, because it had not been preserved by a bill of exceptions. In such a case we do not understand it to be necessary to incorporate the testimony in a bill of exceptions in order to enable this court to review it on appeal. For our statute provides that where an appeal is brought from a judgment entered upon an award, certified copies of the original affidavits upon which any application in relation to such award was founded, and of all other affidavits and papers relating to such application, shall be annexed to, form a part of, and be returned with, the record of the judgment. Sec. 17, chap. 131, R. S. Such affidavits are therefore made a part of the judgment roll and record in the cause. Sec. 16. Hence no bill of exceptions is necessary to bring them to the record.

Upon looking into the whole case, we are satisfied that the arbitrators failed to pass upon all the matters comprehended in the submission, or, in the language of the statute, so imperfectly executed their powers that a final and definite award on the subject matter was not made. It is an admitted fact that they made no award in respect to the value of the property left upon the farm, one-half of which belonged, by the terms of the lease, to the appellant. It is said that there had never been any controversy or dispute between the parties about the division or settlement of the property left upon the farm; that the appellant had never requested a division, nor demanded the possession thereof; and therefore this property was not comprehended within the submission. The matters in controversy related principally to the property, crops and stock upon the farm, or grain upon it, and the portion to which each was entitled. The appellant, it was claimed, had wrongfully removed a large part of this property some time before the expiration of the lease; and the tenant insisted that he was entitled to damages for this unlawful act of the landlord, and full compensation for his share of the property taken. Some of the crops and stock was left on the farm in the possession of the tenant. The words of the submission are very comprehensive, embracing "all manner of actions, cause and causes of action, suits, bills, bonds, judgments, quarrels, controversies, trespasses, damages, breaches, claims and demands now pending and existing or held by and between us, the said parties." In view of the facts, can there be any reasonable doubt as to whether this language comprehended, or was intended to comprehend, the rights of the respective parties to all the property, crops, stock, &c., raised upon or belonging to the farm, according to the conditions of the lease, whether this property was in the possession of the one party or the other? It seems to us not, and we therefore think the award should have included these matters. It is argued in support of the judgment that the case does not show that any evidence was offered be-

fore the arbitrators in reference to the nature, amount or value of the crops and property left upon the farm, and therefore we must assume that the award comprehends all matters in dispute, or upon which any proof was offered. There is, however, the same certainty and quality in the evidence relating to the value of the property left upon the farm, as in respect to the property removed. There is considerable discrepancy in the statements of the different witnesses as to the amount of hay, its value, the amount of products, &c., left with the tenant. It was for the arbitrators to consider these conflicting statements, and award upon the the value of the property left upon the farm, as well as the other matters embraced in the submission.

The arbitrators doubtless exceeded their powers in awarding the costs and disbursements of the trial before them, including their fees and the rental of the room, against the appellant. The submission gave them no authority to include these expenses in their award ; and where that is the case, the following cases, cited by the counsel for the appellant, show that they have no right to award in respect to the costs and expenses of the arbitration : *In the matter of Vanderveer*, 4 Denio, 249 ; *The People v. Newell*, 13 Barb., 86, and authorities cited by Justice BEARDSLEY in his opinion. Perhaps the award in this respect might be corrected, were there no other objection to it. But for the reasons given upon the other point, we think the judgment confirming the award must be reversed.

Judgment reversed.