WILKINSON. Guardian, etc., Respondent, vs. BAYLEY, imp., Appellant.

*February 6 — February 28, 1888.*

*Jurisdiction: Judgment by default: Proof of service of summons.*

Where the proof of service by a person other than the sheriff does not show that a copy of the summons was *left with*, as well as delivered to, the defendant (sec. 2642, R. S.), the court acquires no jurisdiction to render judgment by default.

APPEAL from the Circuit Court for *Grant* County.

Action to foreclose a mortgage. The affidavits of service were to the effect that the affiants did, at a certain time and place, duly and personally serve the summons and complaint (or notice of the object of the action) upon the defendants named by delivering to them and each of them a true copy thereof, and that the affiants personally knew the persons upon whom they respectively made such service to be the persons in respect to whom such service was to be made. The defendants failed to appear, and judgment by default was rendered against them. The defendant *Bayley*, appearing specially for that purpose, appealed from the judgment.

For the appellant there was a brief by *A. W. & W. E. Bell*, and oral argument by *Mr. A. W. Bell*.

For the respondent the cause was submitted on the brief of *W. H. Beebe*. He contended that the judgment of a court of general jurisdiction is *prima facie* proof of the regularity of the proceedings in obtaining it, and presumptive of the jurisdiction of the court. *Allen v. Huntington*, 16 Am. Dec. 702; *Loomis v. Wheeler*, 18 Wis. 524; *Jarvis v. Robinson*, 21 id. 523; *Archer v. Romaine*, 14 id. 375. The *onus* of impeaching a judgment is upon him who seeks to resist it. *Scott v. Coleman*, 15 Am. Dec. 71. A party seeking to set aside a judgment for irregularity will be held

to the strictest rules of proceeding. *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 265.

ORTON, J. This is an appeal from a judgment of foreclosure by one of the defendants appearing specially for such purpose. The summonses, with the proof of the pretended service thereof by the affidavit of two private persons on the same, which are a part of the record, show that no service was legally made upon any of the defendants, and that the court therefore did not acquire any jurisdiction to render said judgment. The affidavits do not state that a copy of the summons was left with any of the defendants, as required by sec. 2642, R. S. The judgment is clearly void for such reason. There was no appearance in the circuit court, and judgment was taken by default. The case of *Hall v. Graham*, 49 Wis. 553, is closely in point. In that case, as in this, the defective service appears by the affidavit of the person making the same, indorsed upon the summons, and there was no appearance, and the defect is the same. The judgment was reversed for that reason alone. In that case it was held that due and proper service must appear upon the record before the court was authorized to render judgment by default, which sufficiently answers the argument of the respondent's counsel that it must be presumed that due service was made by the sheriff or other officer. *Matteson v. Smith*, 37 Wis. 333, is equally in point. See, also *Pollard v. Wegener*, 13 Wis. 569; *Rape v. Heaton*, 9 Wis. 328; *Sayles v. Davis*, 20 Wis. 302; *Dundon v. Starin*, 19 Wis. 261, and other cases in this court.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.