## McMULLIN *v.* MACKEY.

### (*Supreme Court, General Term, Fourth Department.* July 20, 1889.)

1. JUDGMENT—DEFAULT—ACTION FOR MONEY ONLY.
　　Plaintiff left property with defendant "at the agreed price of $15," to be sold, and the proceeds paid over to plaintiff on demand, and, if any of the property should be unsold when demand was made, it should be returned. On demand plaintiff failed to obtain either the money or property; whereupon he sued for the agreed price. *Held* an action on a contract for the recovery of money only, within Laws N. Y. 1881, c. 414, §§ 1, 3, providing that where, in such actions before a justice, a duly-verified complaint, with the summons attached, is served on defendant, and defendant fails to answer or demur, he shall be deemed to have admitted the allegations of the complaint, and judgment may be entered against him without further proof. MARTIN, J., dissenting.

2. SAME—SERVICE OF SUMMONS AND COMPLAINT.
　　A certificate of the constable that he served the summons and complaint on defendant at W., "by delivering to him a copy thereof," is not a sufficient compliance with section 1, which requires service of summons and complaint on defendant "by delivering to and leaving with him, personally, true copies thereof."

Appeal from Jefferson county court.

Action by James L. McMullin against John Mackey, in a justice's court. A judgment of the justice in favor of plaintiff, on default of defendant, was affirmed by the county court, and defendant appeals. The complaint before the justice was in writing, and verified, and after the title was as follows: "The plaintiff, for cause of action against the defendant, alleges that the defendant above named is a resident of the city of Watertown. Was engaged in the business of keeping a hotel. That heretofore, on or about March 7, 1887, the plaintiff left with defendant a quantity of cigars, at the agreed price of fifteen dollars, ($15.00,) to be sold by defendant for plaintiff, and the money received therefor was to be handed over to plaintiff on demand. If any cigars remained unsold when plaintiff made demand for such money on sales of cigars, as aforesaid, then defendant agreed to turn over to plaintiff all said cigars remaining unsold. That about the 15th day of May, 1887, this plaintiff, at the residence of this defendant, in the city of Watertown, N. Y., duly demanded of the defendant the money received by him for cigars sold belonging to plaintiff, and at the same time plaintiff demanded of the defendant the return to plaintiff of all the cigars so had by defendant from plaintiff, then remaining unsold. That said defendant did not comply with plaintiff's said demand, did not pay over said money so received on said sales of cigars, did not return said cigars remaining unsold, and neglected and refused to pay to plaintiff any moneys whatsoever on said sales, or return any part of cigars so had. Wherefore plaintiff demands judgment for $15 damages, and costs of this action. JAMES L. MCMULLIN, Plaintiff."

Argued before HARDIN, P. J., and MERWIN and MARTIN, JJ.

E. C. Emerson, for appellant. E. P. Webb, for respondent.

MERWIN, J. The judgment in justice's court was entered upon default of defendant, and without further proof than that furnished by the verified complaint. This was not sufficient under section 2891 of the Code, which provides that, if a defendant fails to appear and answer, the plaintiff cannot recover without proving his case. It is, however, claimed by the plaintiff that the judgment was authorized by the provision of chapter 414 of the Laws of 1881, and that is the question upon this appeal. By section 1 of that act, it is provided that, in any action brought in justice's court, "arising on contract for the recovery of money only, or on account, the plaintiff or his agent, at or before the time of the issuing of the summons, may make a written complaint, stating in a plain, concise manner the facts constituting the cause of action, specifying therein the amount actually due from the defendant to the plaintiff in said action, and praying judgment against the said defendant for the amount so claimed to be due to him; which said complaint shall be subscribed by the plaintiff or his agent, and shall be verified in the manner and as provided by section five hundred and twenty-six of the Code of Civil Procedure. Said summons and complaint shall be attached and served upon the defendant by delivering to and leaving with him, personally, true copies thereof, not less than six nor more than twelve days before the return-day thereof, and the official certificate of the constable making such service shall be sufficient evidence thereof." By section 3 of that act it is provided that, "in case the defendant fails to answer or demur to said complaint, as hereinbefore provided, at the time of the return of said summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with due proof of the service thereof, enter judgment for the said plaintiff, and against the defendant, for the amount demanded in such complaint, with costs, without further proof." It is claimed by the defendant that this statute does not apply, upon the grounds (1) that the action is not on contract for the recovery of money only, or on account; (2) that the complaint does not specify the amount actually due from the defendant to the plaintiff; (3) that the summons and complaint were not

served as required by the act, the certificate of service by the constable being that he served "the within summons and complaint on the defendant, John Mackey, on the 1st day of June, 1887, at the city of Watertown, by delivering to him a copy thereof."

The complaint is, I think, substantially on contract for the recovery of money only. The property was left with defendant "at the agreed price of fifteen dollars," to be sold by defendant for plaintiff, and the money received therefor to be handed to plaintiff on demand, and, if when the demand was made any of the property remained unsold, that was to be returned. Upon demand neither money nor property was returned. The plaintiff then had a right to treat the whole property as sold, and look to the defendant for the agreed price. That is what he in his complaint in substance does. It is not a case for the recovery of unliquidated damages, which under the old Code, § 129, was held to be not for the recovery of money only. 1 Wait, Pr. 478, and cases cited. The amount of the recovery is fixed and liquidated by the agreed price named in the contract. In *Board* v. *Teller*, 8 How. Pr. 504, it was held that an action to recover the amount specified as liquidated damages in a contract to convey lands was an action on contract for the recovery of money only. A stronger rule was held in *Croden* v. *Drew*, 3 Duer, 652. The fact that demand must first be made would not change the rule. *Goff* v. *Edgerton*, 18 Abb. Pr. 381. The amount actually due is in effect stated in the complaint by its statement of the agreed price, and that no part had been paid.

The third ground taken by defendant is more troublesome. The proof of service of the papers did not show that the copies delivered to defendant were left with him. The statute required this. The certificate of service, as made by the constable, would have been sufficient under the Code, § 2878, but the statute of 1881 specifically required more. We have no right to assume that the addition so required is not material. It is the duty of the plaintiff to bring himself within the statute. The courts have construed it strictly. *Oulman* v. *Schmidt*, 35 Hun, 345; *Thomas* v. *Jones*, 47 Hun, 81. The certificate of the constable is made sufficient evidence of the service, but the certificate must show a service in the manner required. A constable in his return is bound to state the manner of service. Code, § 2885. We therefore cannot infer that he did anything more than he has stated in his return. In *Wilkinson* v. *Bayley*, 71 Wis. 131, 36 N. W. Rep. 836, under a similar statutory provision, it was held that the court acquired no jurisdiction to render judgment by default, where the affidavit of service failed to show that a copy of the summons was left with as well as delivered to the defendant. No case in this state is cited on the subject. The defect is not a mere technical one. The record does not show such service as the law requires in order to allow a judgment to be taken without further proof than the verified complaint. Upon this ground the judgment of the county court and of the justice's court must be reversed, with costs.

HARDIN, P. J., concurs in result.

MARTIN, J. I do not think this an action on contract for the recovery of money only, or an action on an account, within the intent and meaning of chapter 414, Laws 1881. Hence the justice's judgment was unauthorized. Upon that ground I concur in the result of the opinion of MERWIN, J., rather than upon the ground of the insufficiency of the constable's certificate of service.