## SYRACUSE MOLDING COMPANY, RESPONDENT, v. FRED D. SQUIRES, APPELLANT.

*Justice's Court — evidence, of the authority of the plaintiff's attorney — of the residence of the parties — of the service of the summons and verified complaint — Laws of 1881, chap. 414, sec. 1.*

In an action in a Justice's Court the authority of the plaintiff's attorney to appear is sufficiently shown by a recital in the justice's return, that such attorney was sworn as to his authority to appear.

The venue of the summons issued from a Justice's Court was the town of Cazenovia, and the return showed that the summons and complaint were personally served on the defendant at the town of Cazenovia.

*Held*, that it sufficiently appeared that the justice had jurisdiction, even if the defendant had been a non-resident, and that the objection that it did not appear that either party was a resident of the county was, upon the face of the papers, untenable.

It is essential under section 1, chapter 414, Laws of 1881, relative to suits in Justices' Courts, commenced by the service of a summons and verified complaint, that the return should show that copies of the summons and complaint were delivered to, *and left with*, the person served, and a return by the person making the service, which does not state that such copies were left with the defendant, does not confer jurisdiction upon the court. (MARTIN, J., dissenting upon the last point.

APPEAL by the defendant Fred D. Squires from a judgment of the Madison County Court, entered in the clerk's office of said county on the 1st day of January, 1891, affirming a judgment for the plaintiff rendered by a justice of the peace.

*Cameron & Kiley*, for the appellant.

*Edward S. More*, for the respondent.

HARDIN, P. J.:

The appellant challenges the validity of the judgment in this case on the grounds:

1. That the authority of the plaintiff's attorney to appear for it was not proved, as required by section 2890 of the Code of Civil Procedure.

2. That the justice acquired no jurisdiction of the parties.

3. That the complaint was not properly verified as required by chapter 414, Laws 1881, and hence that the justice was not authorized to render the judgment appealed from without further proof, and,

4. That the return of the constable was insufficient to justify the justice in entering judgment against the defendant upon the proof given.

The appellant contends that there was not sufficient proof of the authority of Edward S. More to appear as attorney for the plaintiff in the Justice's Court. The return of the justice shows that "E. S. More appeared and answered for the plaintiff, and was by me (the justice) sworn as to his authority to appear." We think this was sufficient to show that section 2890 of the Code of Civil Procedure was complied with.

It is also claimed that it did not appear that the justice had jurisdiction of the parties, in that the return did not show that either of the parties was a resident of Madison county. The constable's return shows that the summons and complaint were served on the defendant at the town of Cazenovia, which was the town in which the justice presumably resided, as the venue of the summons was Madison county, town of Cazenovia. Therefore, if the defendant was a non-resident of the county, the justice acquired jurisdiction under subdivision 3 of section 2869 of the Code of Civil Procedure, which provides that an action against a non-resident of the county may be brought before a justice of the town in which he is at the time of the commencement of the action. We think, as there was no proof to the contrary, the return sufficiently shows that the justice had jurisdiction of the parties.

Nor do we think the defendant's claim that the complaint was not properly verified can be sustained. Chapter 414, Laws 1881, provides that the complaint shall be subscribed by the plaintiff or his agent, and shall be verified in the manner and as provided by section 526 of the Code of Civil Procedure. It would seem that it was the intent of this statute that the complaint might be verified by the person subscribing it; if subscribed by the plaintiff, that it might be verified by him; if subscribed by his agent, that it might be verified by such agent. When we refer to section 526 we also find that that section contemplates a verification by a person other than a plaintiff. But the appellant contends that it must be verified as required by section 525 of the Code. That section provides that the verification must be by the affidavit of the party, except:

"(1.) Where the party is a domestic corporation the verification must be by an officer thereof ; (2.) Where the people of the State or a public officer in their behalf, is the party, the verification may be made by any person acquainted with the facts ; (3.) Where the party is a foreign corporation, or where the party is not within the county where the attorney resides, * * * or where the action or defense is founded upon a written instrument for the payment of money only which is in the possession of the agent or the attorney, or where all the material allegations of the pleading are within the personal knowledge of the agent or the attorney, in either case the verification may be made by the agent of or the attorney for the party." In this case the action was founded upon a written instrument for the payment of money only which was in the possession of the plaintiff's agent who made the verification. We think it was sufficient.

The only remaining question is, whether the constable's return was sufficient to give the justice jurisdiction to enter judgment in this action upon the proof given. The only proof in the case was as to the amount of interest due upon the draft in suit. Hence the question arises whether the return of the constable showed a sufficient compliance with the statute of 1881 to authorize the entry of the judgment appealed from without further evidence. That statute provides that the summons and complaint shall be attached, and shall be served upon the defendant by delivering to and leaving with him personally true copies thereof. It also provides that the official certificate of the constable making such service shall be sufficient evidence thereof. The certificate of the constable was to the effect that the within summons and complaint were personally served on the defendant on the 11th day of July, 1890, at the town of Cazenovia by delivering to him copies thereof.

The precise question here is whether the jurisdiction of the justice to render a judgment without further proof failed because the officer omitted to state in his return that he left with the defendant the copies of the summons and complaint that he delivered to him. This question was somewhat considered by this court in McMullin v. Mackey (6 N. Y. Supp., 885). In the opinion delivered by MERWIN, J., in that case, it was said that a similar return was not a sufficient compliance with the statute, as it did not show that the

copies were left with the defendant. While this portion of the opinion was not concurred in by the other members of the court, a majority of the court are of the opinion that the doctrine of that case, upon this question, should be upheld, and that the constable's return was insufficient to justify the justice in rendering a judgment in the case at bar without further proof. It, therefore, follows that the judgment should be reversed, with costs.

MERWIN, J., concurred.

MARTIN, J. (dissenting):

I cannot concur in the conclusion reached by a majority of the court that the judgment should be reversed on the ground that the constable's return was insufficient to justify the justice in rendering the judgment appealed from without further proof. It is true that, in the case of *McMullin* v. *Mackey* (6 N. Y. Supp., 885), MERWIN, J., said that a similar return was insufficient. In that case, the case of *Wilkinson* v. *Bayley* (71 Wis., 131) was cited and much relied upon as sustaining that doctrine. An examination of that case at first seems to indicate that it holds the doctrine contended for; but when the cases relied upon by the judge who wrote the opinion in the *Wilkinson Case* are examined, it appears that the rule or statute regulating the service in those cases was unlike the statute of 1881, as the rule or statute there under consideration provided that where the service should be made by a person other than the sheriff it should be necessary for such person to state in his affidavit of service, *inter alia, whether he left with the defendant a copy as well as delivered it to him.* (*Matteson* v. *Smith,* 37 Wis., 333.) The statute referred to in the *Wilkinson Case* was similar to, if not identical with, Rule 41 of the Circuit Court, upon which the decision in the *Matteson Case* was based, and required the affidavit to state whether a copy was left with the defendant or not. It was as follows: "Proof of the service of the summons and of the complaint or notice, if any, accompanying the same, shall be as follows: 1. If served by the sheriff, his certificate thereof showing place, time and manner of service. 2. If by any other person, his affidavit thereof showing place, time and manner of service; that he knew the person served to be the defendant mentioned in the summons, *and left with as well as delivered to him a copy.*"

Thus it will be seen that, in the cases cited, the statute or rule required that the affidavits should state whether or not a copy was left with the party served, and hence they are clearly distinguishable from the case at bar. The statute of 1881 provides the manner of service, which is by delivering to and leaving with the defendant copies. It does not direct as to the form of the constable's return, nor that it shall show that the officer serving it left copies with the defendant as well as delivered them to him. I do not regard the Wisconsin cases as binding authorities upon this question.

It seems to me that the return of the constable that he delivered the copies to the defendant included leaving them with him. A delivery must be regarded as a full surrender of the possession of the thing to the person to whom it is delivered, and this could not be accomplished without complying with this statute by leaving the summons and complaint with him. I am of the opinion that the return was sufficient; that the certificate of the fact that he delivered them to the defendant clearly implied that they were left with him; and that the judgment should be affirmed. While the opinion of MERWIN, J., in the *McMullin Case* is adverse to this conclusion, it will be observed that it was not concurred in by the other members of the court; HARDIN, P. J., concurred only in the result, while MARTIN, J., concurred only upon another distinct ground, which was specified.

I think the judgment should be affirmed, with costs.

Judgment of County Court of Madison county and of the Justice's Court reversed, with costs.