(61 App. Div. 333.)

HARDENBURGH et al. v. FISH.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. JUSTICES OF THE PEACE—HOLDING CASE OPEN.
    Where a justice of the peace was informed by telephone by the attorney for one of the parties that he intended to appear in the case, but would be a little late, as he was detained, it was not error for the justice to hold the case open 10 minutes after the expiration of the hour for which it had been set, since the justice has a reasonable discretion to exercise after the expiration of the hour.

2. SAME—JUSTICE'S DOCKET—ADJOURNMENTS.
    Entries in a justice's docket, which showed that a case was regularly called each time at the hour to which it had been adjourned, and that it was "adjourned by consent" to a certain time, are sufficient to retain jurisdiction in the justice, though they do not expressly state that the parties were present and consented.

3. SAME—EVIDENCE AS TO PARTNERSHIP—COMPETENCY OF WITNESS.
    Where the question of plaintiff's partnership was put in issue by defendant's answer, plaintiff's attorney was competent to testify as to the existence of the partnership, since such fact may be proved by any one having knowledge thereof.

4. SAME—PLEADING.
    In an action for goods sold and delivered, an answer denying that defendant "owed said plaintiffs $21" is not a denial of the delivery of the goods, being a denial of a conclusion of law; and hence the delivery will be deemed admitted where the same was properly alleged.

Appeal from Washington county court.

Action by Henry B. Hardenburgh and another against Frank Fish. From a judgment of the county court reversing a judgment of the justice's court in favor of plaintiffs, plaintiffs appeal. Reversed.

This action was brought in a justice's court by the personal service of a summons and verified complaint on the defendant. The complaint alleged the

co-partnership of the plaintiffs, and the sale and delivery by them to the defendant, on or about May 11, 1899, of goods, wares, and merchandise of the value of $21, for which the defendant has not paid; and further alleged that there was due and owing the plaintiffs the sum of $21, with interest from May 11, 1899. The defendant appeared in person on the return day, and filed a verified answer, which "denies that he has any knowledge or information sufficient to form a belief as to the truth of the allegation of the complaint as to the co-partnership of plaintiffs, and denies that he owes said plaintiffs twenty-one dollars." The answer further alleged that certain goods furnished defendant by plaintiffs were not as represented to be; that the defendant refused to accept said goods, and offered to return them, and plaintiffs refused to receive them; that the defendant has tendered to plaintiffs the sum of $11.10, the amount defendant owes plaintiffs, and hereby again tenders said amount to plaintiffs. By consent of the parties the case was adjourned from time to time until March 9, 1900, at 9 a. m. On that day at about 9:45 a. m., the defendant appeared at the office of the justice, and left before 10 a. m., and did not return. The case was called at 10 a. m., when Mr. Northup, an attorney, appeared, at the request of the plaintiffs' attorney, and stated to the justice that Mr. Arnold, the plaintiffs' attorney, would appear in a few minutes, and asked to have the case held open until his arrival. The case was held open by the justice, and within 10 minutes after 10 o'clock the plaintiffs' attorney appeared, put in his evidence, and on the following day judgment was entered for the plaintiffs for the amount of their claim; from which judgment an appeal was taken to the county court. The county court, on appeal, reversed the justice's judgment, and from the judgment of reversal this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

A. D. Arnold, for appellants.

T. D. Trumbull, Jr., for respondent.

EDWARDS, J. It does not appear on what grounds the judgment of the justice was reversed by the county court, but the respondent has presented several reasons in justification of such reversal, which will be considered in their order.

It is a contention of the respondent's counsel that the appearance of Northup for the plaintiffs should not have been permitted by the justice, for the reason that his authority was not "proved by the affidavit or oral testimony of himself or another," as required by section 2890 of the Code of Civil Procedure; and that for this reason, after the hour had expired to which the cause had been adjourned, the justice was without jurisdiction. I do not think it necessary to consider the question of the authority of Northup to appear, for the reason that without such appearance the justice, with knowledge that Mr. Arnold, the plaintiffs' attorney, who was concededly authorized to appear, was detained, and would very soon appear, did not lose jurisdiction by holding the case for from five to ten minutes to await his arrival. A justice has a reasonable discretion to exercise after the expiration of the hour to which the cause is adjourned; and, where he has knowledge or information that the party intends to appear and will soon arrive, he does not lose jurisdiction by granting a reasonable indulgence. Barber v. Parker, 11 Wend. 52; Pickert v. Dexter, 12 Wend. 151; Wilcox v. Clement, 4 Denio, 160. In this case the plaintiffs' attorney, whose office was in the same village with that of the justice, informed the justice personally by telephone a few minutes

before 10 o'clock that he was detained, but would shortly arrive, and requested that Mr. Northup appear for him, and that the case be held open. This was communicated to the defendant, who left the office of the justice before the hour of 10 arrived, preferring, perhaps, the chance of success on an appeal, through some technicality, to a trial of the merits before the justice. The indulgence of between five and ten minutes granted by the justice was not unreasonable, and no advantage was taken of the defendant.

The second ground urged by the respondent to sustain the judgment of reversal is that the record shows six adjournments of the case, and to a time more than 90 days after the return day of the summons, and does not expressly state that plaintiffs or defendant were present, and consenting to such adjournments. The record does show that the case was regularly called each time at the hour to which it had been adjourned, and that it was "adjourned by consent" to a day and hour specified. This, I think, is sufficient. The court will not indulge the presumption that the parties were not present in court when they consented.

It is contended by the respondent that the allegation of the partnership of the plaintiffs formally put at issue by the answer was not proved by competent evidence. Arnold, the attorney for the plaintiffs, testified, "The firm of H. B. Hardenburgh & Co. is composed of the plaintiffs, Henry B. Hardenburgh and Charles J. Tiensch." The criticism made on this is that it does not appear that the witness was qualified to testify in relation to the co-partnership, and that his statement is a conclusion, and hearsay. The fact of partnership may be testified to by any one who has knowledge of the fact. The witness has assumed to testify from his knowledge, and there is no presumption to the contrary.

It is further claimed that the evidence does not show a delivery of the goods to the defendant. The answer to this is that he has admitted it in his answer by not denying it. The only denial in the answer is of the co-partnership of the plaintiffs, and a denial "that he owed said plaintiffs twenty-one dollars." The latter is a denial of a conclusion of law.

No sufficient reason appears for the reversal of the justice's judgment, and the judgment appealed from should be reversed, with costs to the appellants in this court and in the court below. All concur.