ALTMAN et al. v. COCHRANE.

(Supreme Court, Appellate Division, Second Department.   March 19, 1909.)

1. PLEADING (§ 120*)—ANSWER—DENIAL.

A material fact alleged is not put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 244; Dec. Dig. § 120.*]

2. JUSTICES OF THE PEACE (§ 122*)—JUDGMENT—DEFAULT.

Code Civ. Proc. § 2891, as amended by chapter 291, p. 681, Laws 1906, provides that, if a defendant in a justice's court fails to appear and answer, a plaintiff cannot recover without proving his case, except in an action which has been commenced by service of a summons and a verified complaint, and in such case, if defendant fails to answer, he shall be deemed to have admitted the allegations of the complaint, and judgment may be entered without further proof. An action was commenced by summons and verified complaint, which alleged that plaintiff sold certain goods, itemized. Defendant filed a verified answer, setting up that a certain portion of the account was for a suit, which was returned to plaintiff and received and accepted by him. *Held*, that the burden of proof was not on plaintiff, but on defendant, as to that portion of the claim, since the answer did not controvert the complaint, but answered by way of confession and avoidance, and since the statute did not mean that judgment could not be rendered, where the answer filed did not controvert the allegations of the complaint.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 122.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Nassau County Court.

Action by Benjamin Altman and another, doing business under the firm name of B. Altman & Co., against Mrs. W. R. Cochrane. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

Lincoln B. Haskin, for appellants.

John Lyon, for respondent.

HIRSCHBERG, P. J. This action was commenced in justice's court by the service of a summons with a verified complaint. The complaint alleged that the plaintiffs sold and delivered to the defendant, between April 1 and May 8, 1907, certain goods, itemized, of the value of $99.98. On the return day the defendant filed a written offer to allow judgment to be taken against her by the plaintiffs for the sum of $48.98, with interest and costs. The amount so offered was the amount sued for, less $51; but the offer was not accepted by the plaintiffs. The defendant thereupon filed a verified answer, alleging in substance that $51 of the amount of the plaintiffs' claim, made up of two items, namely, $45 for a suit and $6 for an alteration and material, should not be allowed. The defendant alleged that the suit was purchased by her from the plaintiffs upon their promise and agreement that it should be altered and made to fit her, that it was delivered to her without alteration and not made to fit, that she accordingly refused to accept it, and that she subsequently returned it to the plaintiffs, by whom it was accepted and received. On this state of the pleadings, the justice of the peace held that the burden of proof was on the plaintiffs, except as to the amount as to which the offer of judgment had been made. The plaintiffs excepted to this ruling, whereupon, on motion of the defendant, the complaint was dismissed, with costs; and the judgment which was entered had been affirmed in the County Court on the ground that by the terms of section 2891 of the Code of Civil Procedure a judgment cannot be entered in favor of the plaintiff on a verified complaint without proof, where the defendant files an answer.

I think the decision is erroneous. No allegation of the complaint has been denied. As to the suit and material in question, the defendant expressly admits the purchase, but seeks' to avoid liability because of the failure of the plaintiffs to perform an executory agreement in connection with the sale. There was nothing for the plaintiffs to prove; the ·amount of the bill in toto being admitted by the failure of the defendant to deny. The question at issue turns upon the consideration to be placed upon the amendment to section 2891, effected by chapter 291, p. 681, of the Laws of 1906. Prior to the amendment, the section provided that, if a defendant failed to appear and answer, the plaintiff could not recover without proving his case. The section as amended is headed: "Plaintiff to Prove His Case, Except Where a Verified Complaint is Served." The section, as amended, provides in substance that, if a defendant fails to appear and answer, the plaintiff cannot recover without proving his case, except in an ac-

tion which has been commenced by the service of a summons and verified complaint. In such an action, in case the defendant fail to answer, he shall be deemed to have admitted the allegations of the complaint, and the court shall enter judgment without further proof. I do not think this is to be construed as meaning that in case the defendant does answer, by admitting the allegations of the complaint and pleading an affirmative defense, the plaintiff shall still be put to his formal proof. The obvious purpose of the amendment was to dispense with additional proof, where the complaint was verified and its allegations uncontroverted.

In Harley v. Fitzgerald, 84 Hun, 305, 32 N. Y. Supp. 414, it was held that in justice's court the right of a plaintiff to open and close the case is a substantial right, and a failure to grant it a fatal error. That case arose before the amendment, it is true; but it was held that the provision requiring the plaintiff to prove his case did not apply where the defendant appeared and answered. The learned counsel for the respondent attempts to distinguish it from the case at bar on the ground that there the complaint was not verified; but it cannot be that the Legislature intended by the amendment to give to an unverified complaint greater force than to a verified one, so that in the former case proof need not be made, while it would be exacted where the complaint was sworn to.

Even as to the suit and material for alteration, there was no issue raised by the answer in the form of a denial. The defendant admits the purchase, but denies liability because of the failure to make the suit fit. It is in the nature of confession and avoidance. But, as was said in Smith v. Coe, 170 N. Y. 162, 167, 63 N. E. 57, 58:

"There was no denial, general or specific, of the allegations of the complaint referred to, except so far as such denial could be spelled out or inferred from an inconsistent version of the transaction given by the pleader in the answer. The allegations of a complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred. Rodgers v. Clement, 162 N. Y. 422, 428, 56 N. E. 901, 76 Am. St. Rep. 342; Fleischmann v. Stern, 90 N. Y. 110; Marston v. Swett, 66 N. Y. 210, 23 Am. Rep. 43; Wood v. Whiting, 21 Barb. 190; West v. American Exchange Bank, 44 Barb. 175."

The judgment of the County Court and of the justice should be reversed, with costs. All concur.