JESSIE P. LONAS, as Executrix of the Last Will and Testament of CHESTER A. LONAS, Deceased, Respondent, *v.* ADIN A. MYERS, Appellant.

(County Court, Lewis County, September, 1916.*)

Service — when appellate court may disregard the omission of word "him" from constable's certificate of — sufficiency of proof of service — action in Justice's Court — waiver of all right to object — Code Civ. Pro. §§ 722, 723.

> Where, in an action in Justice's Court, judgment was rendered in favor of plaintiff upon filing the summons and verified complaint, both of which were duly served upon defendant who, upon the return day, answered the complaint orally, but raised no question and made no objection either as to the form or sufficiency of the proof of service or the sufficiency of the evidence upon which the judgment was rendered, and by an appeal seeks to reverse the judgment, principally upon the ground of defective proof of service of the summons and complaint, he will be held to have waived all right to object and cannot be heard to complain that the constable's certificate of service was insufficient.

> The appellate court under sections 722 and 723 of the Code of Civil Procedure may either disregard the omission of the word "him" from the constable's certificate of service or may direct an amendment thereof by the insertion therein of the omitted word.

APPEAL from a judgment rendered by a Justice of the Peace.

William H. Hilts, for appellant.

Harry W. Cox, for respondent.

CARTER, J. This action was brought, in Justice's Court, by service of summons and certified complaint, to recover for goods sold and delivered by plaintiff's testator to the defendant.

---

* Received too late for insertion in proper place. Affirmed by Appellate Division, Janary 10, 1917.— REPR.

On the return day of the summons the plaintiff appeared by attorney, who swore to his authority to appear, and filed the said summons and verified complaint with proof of service thereof.

The defendant on said return day appeared in person and answered said complaint orally, which answer was, as appears by the return herein, as follows, viz.:

" Claim do not owe estate anything according their books. (Plait) no credit for payment credited via $79 or 40 or 41 don't know which no proof."

After said appearance and after filing the said summons and verified complaint, with said proof of service, and after writing down said oral answer, the justice of the peace, who issued the summons and before whom the proceedings were had, rendered judgment in favor of said plaintiff and against said defendant for the amount asked for in said complaint, with the costs of the action.

The affidavit of verification to the said complaint was sworn to before a justice of the peace of the town of Greig, in the county of Lewis, and the venue to said affidavit is as follows, viz.:

" STATE OF NEW YORK, ⎫
  COUNTY OF LEWIS,    ⎬
                     ⎭

" The said proof of service of the said summons and verified complaint is as follows, viz.:

" County of Lewis, *ss.:*

" I hereby certify, that on the 22nd day of December, 1913, I served the within summons and annexed verified complaint on the defendant Adin A. Myers at the town of Greig, county of Lewis, by delivering to and leaving with ................ personally, true copies thereof of said summons and complaint.   Fees, $2.25.

" Dated Dec. 27th, 1913.

" (Signed)    C. W. GAFFNEY,
" *Constable, Town of West Turin, N. Y.*"

County Court, Lewis County, September, 1916. [Vol. 98.

The defendant appeals to this court and asks that the aforesaid judgment be reversed principally on the ground of defective proof of service of the summons and complaint, *i. e.*, the omission of the word "him" from the constable's certificate of service.

After the appeal herein had been taken, the plaintiff duly served notice of motion to amend the venue to the said affidavit of verification *nunc pro tunc* as of date of verification, by adding thereto the words "town of Greig" and the letters "ss," and to amend the proof of service of the summons and complaint *nunc pro tunc* as of the date of said proof, by inserting therein the word "him" in the blank place following the words "by delivering to and leaving with." This motion was heard at the same time as the argument of the appeal herein. The motion is based on the affidavit of Harry W. Cox, which is to the effect that he drew the said affidavit of verification and the said constable's certificate of service, and inadvertently left out the words and letters now asked to be inserted; the affidavit of C. W. Gaffney, the constable who served the summons and complaint herein, to the effect that he served the said summons and verified complaint on the defendant, Adin A. Myers, at the town of Greig, Lewis county, by delivering to and leaving with said defendant personally true copies of said summons and complaint, and that he was at the time of such service a constable at the town of West Turin, in the said county of Lewis; and the affidavit of Irving C. Brown that said affidavit of verification to said complaint was sworn to before him by the plaintiff in the said town of Greig, and that he was a justice of the peace of the said town of Greig at the time he swore plaintiff to said verification.

That said affidavits are in nowise contradicted or

disputed. There is no claim that the summons and verified complaint were not legally, personally and in due time served upon the defendant, nor is there any evidence before me showing or tending to show that defendant does not owe the full amount of said judgment.

The said summons and complaint were in due time actually, duly and legally served on the defendant by delivering to and leaving with him personally true copies thereof. The defendant appeared and answered said complaint, but raised no question and made no objection as to form or sufficiency of the proof of service, nor as to the sufficiency of the proof upon which the judgment was rendered, nor as to any proceeding.

The real question here is whether under the circumstances of this case this court can disregard the omission of the word " him " from the constable's certificate of service, or direct an amendment, inserting the word " him " in said certificate.

I think this court is authorized by sections 722 and 723 of the Code of Civil Procedure to either disregard the omission of the word " him " in said certificate, or to direct the amendment of the said certificate by inserting said word " him " therein.

Section 3063 of the Code of Civil Procedure provides: " The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits."

In *Snyder* v. *Schram,* 59 How. Pr. 404, the court authorized the amendment of the date of service in the constable's return by adding the figure 2 just before the figure 3, so that as corrected it read " 23rd," instead of " 3rd," day of January.

*McMullin* v. *Mackey,* 6 N. Y. Supp. 885; *Syracuse*

*Moulding Co.* v. *Squires,* 61 Hun, 48 (decided by a divided court), and *Duval* v. *Boston & Maine R. R. Co.,* 58 Misc. Rep. 504, were each cases where judgment was rendered on a verified complaint in Justice's Court and appeals were taken and judgments reversed on the ground that the certificate of service of the constable failed to state " that the summons and complaint were left with," as well as delivered to the defendant. But in each of said cases the defendant did not appear and judgment was taken by default, while in the case at bar the defendant did appear, answered and made no objection. The question of the power of the court to amend the proof of service does not seem to have been considered. Then, too, said cases were decided under chapter 414 of the Laws of 1881, which has always received a strict construction (see *McMullin* v. *Mackey, supra*), while now the substance of said chapter has been made a part of section 2936 of the Code of Civil Procedure, and is no longer subject to the rule that a statute in derogation of the common law is strictly construed. Code Civ. Pro. § 3345.

The defendant appeared and had ample opportunity to object to the sufficiency of the constable's certificate of service and the sufficiency of the evidence upon which the judgment was based, and not having objected I think he waived all right to object, and he cannot now be heard to say that the said certificate is not sufficient. Had he objected at the proper time, on the return day of the summons, the defect he now complains of might readily have been corrected. It is required of every one to take advantage of his rights at the proper time, and the neglect to do so will be considered a waiver. *Collinson* v. *Wier,* 91 Misc. Rep. 501.

But if it be assumed that the proof of the service of

the summons and complaint is insufficient, still the court had jurisdiction of the subject matter of the action, and the defendant having voluntarily appeared and joined issue the court then had jurisdiction of the person of the defendant and the action was thus commenced. See Code Civ. Pro. § 2876; 3 Wait L. & Pr. 2242.

Giving the most liberal construction to defendant's answer it does not amount to a denial of any allegation of .fact contained in the complaint, and, therefore, every material allegation of fact contained in said complaint stands admitted. 3 Wait L. & Pr. 2510, 2530, and cases cited; *Hardenburgh* v. *Fish,* 61 App. Div. .333; *Post Publishing Co.* v. *Bennett,* 164 id. 633.

A material fact alleged in a complaint is not denied by statements in the answer which are inconsistent with the fact alleged in the complaint. 3 Wait L. & Pr. 2530; *Altman* v. *Cochrane,* 131 App. Div. 233.

But if defendant's answer be treated as sufficient as a denial it only denies the conclusion of indebtedness without denying any facts from which the conclusion is to be inferred, and such a denial is a nullity. 2 Wait L. & Pr. 1478, and cases cited; *Lamb* v. *Hirschberg,* 1 Misc. Rep. 108; *Drake* v. *Cockroft,* 4 E. D. Smith, 34; *Fosdick* v. *Groff,* 22 How. Pr. 158; *Hardenburgh* v. *Fish, supra; Altman* v. *Cochrane, supra; Post Publishing Company* v. *Bennett, supra.*

. The complaint alleges facts sufficient to constitute a cause of action against said defendant. The defendant has not denied any of said facts, but on the other hand has, in legal effect, admitted them. It does not appear from the return herein that defendant asked for an adjournment or offered any evidence on his part. No objections were made by defendant. Under the circumstances what could the justice do, other than to enter judgment against defendant, as he did do?

If the defendant has made any payments for which he is entitled to credit, he might have appealed for a new trial in this court and thereby obtained an opportunity to prove such payments, if any.  This appeal is on questions of law only, and this court must either reverse or affirm the judgment appealed from, and has no power to order a new trial under the circumstances of this case.

There is ample authority for directing amendment of the venue to the affidavit of verification, as asked for. *Babcock* v. *Kuntzsch,* 85 Hun, 33.

While it seems to me the omission in the said venue and constable's certificate may be disregarded, still for greater safety an order may be entered directing the amendment of the said venue and certificate, as asked for in said notice of motion, and when so amended an order may be entered affirming the judgment appealed from, with costs.

Judgment affirmed, with costs.